JOHN B. LANGDON *v.* SAMUEL M. YOUNG.

*Foreign Law.    Slander.*

In the absence of all proof that words, alleged in the declaration to have been spoken by the defendant in a foreign country, charging the plaintiff with having there given poison with intent to injure the person to whom it was

administered, are actionable as slander in such country, the court cannot assume that they are actionable there, and, if not so there, they give no cause of action here.

*It seems,* on the other hand, that in the absence of proof the court would presume the charge of having given poison with intent to kill, or to do great bodily harm, to be actionable in all christian states.

CASE for slander. The declaration (by its new count) charged the defendant with speaking, in Canada, in a conversation concerning the plaintiff, and Emily E. Langdon, his daughter, who was then sick, these false and defamatory words, in the hearing of other persons, to and concerning the plaintiff: "You," (meaning the plaintiff,) "have drugged the child," (meaning the said Emily E. Langdon, daughter of the plaintiff;) thereby meaning that the plaintiff was guilty of giving drugs or poisons to the said Emily E. Langdon for the purpose of killing or injuring her. The defendant pleaded the general issue, and the case was tried by jury at the September Term, 1859,—BARRETT, J., presiding.

The plaintiff, as a witness, gave evidence tending to show that on the 23d of July, 1853, he had notice of an order that day made by the supreme court, on granting a divorce to the plaintiff's wife, that he procure and deliver to her their child, which was then in Canada by his procurement; that for the purpose of complying with the order, he went on that day to Montreal, and with him went his divorced wife, her brother the defendant, and the plaintiff's brother and his wife; that on arriving in that city the plaintiff proceeded to the place, a few miles out of the city, where the child was, and the defendant soon after went there also; that they were informed that the child was well (neither of them having seen her,) and it was arranged between them that the defendant should return to Montreal with a horse and carriage, and the plaintiff should go in by the next train with the child; that the defendant accordingly started for the city without having seen the child, and the plaintiff sent to have the child brought to the house where he was, in order to take the train for the city, but the messenger returned saying that the child was taken suddenly and violently sick; that therefore the plaintiff sent word to the child's mother, then in Montreal, of the situation of the child, and she, with her brother (the defendant) and the plain-

tiff's brother and his wife, went immediately to the child; that while all of these persons were together with the child, the defendant spoke out harshly to the plaintiff, "You've poisoned the child;" that the plaintiff replied, "That is a grave charge;" that the plaintiff's brother then said it should be investigated; whereupon the defendant said, "You've drugged the child; you've made the child sick purposely."

The defendant, as a witness, gave evidence tending to show that when the parties were together around the sick child, as testified by the plaintiff, the plaintiff beckoned the defendant aside to a corner of the room and asked him what he thought of it; that the defendant told the plaintiff the child was very sick, and he thought the plaintiff had drugged it, or given some tobacco juice to it to poison or make it sick; that the plaintiff replied it was a serious charge and should be inquired into, whereto the defendant rejoined that if the child should die it would be investigated; that the defendant did not suppose the plaintiff intended to kill the child, nor did the defendant intend to charge him with such a purpose, but the defendant thought he had drugged the child so as to get her mother out to the place where the child was.

No evidence was given to show what was the law of Canada as to the administering of poison or poisonous or nauseating drugs with unlawful or improper intent.

The court instructed the jury that, as nothing was proved as to the laws of Canada, and as the words charged were proved to have been spoken in Canada (if spoken at all) imputing to the plaintiff acts committed there, in order to render the words actionable in themselves, the jury must find that the defendant spoke them as charging the plaintiff with having administered poison or drugs to the child with intent to kill, not merely to sicken. To this charge the plaintiff excepted.

The jury rendered a verdict for the defendant.

*T. P. Redfield*, for the plaintiff.

*Peck & Colby*, for the defendant.

REDFIELD, Ch. J.　Upon the principal question, how far the court will take judicial notice of the law of Canada, it is enough

perhaps, to say, that we could not assume to know the law of any foreign state. But in the absence of all proof, courts assume certain general principles of law, as existing in all christian states, as that contracts are of binding obligation, and that personal injuries are actionable. This would allow us properly to assume that flagrant violations of the fundamental principles of moral obligation, such as theft and murder, are regarded as crimes, and that to accuse one of such crimes, thereby exposing him to persecution, ignominy and disgrace, is an actionable slander. If this be sound, and it has not been questioned in the argument, (but we have had no time to examine the subject,) we think that a charge of giving poison to do great bodily harm, is equally to be regarded as slanderous, as if it were a charge of poisoning with intent to kill. Such an act was undoubtedly indictable at common law, and would be, we think, regarded as a grave offence in all christian states.

Under the charge, in the present case, the jury might have found that the charge implied a purpose of injuring the child to any extent, short of taking life. And as there was testimony tending to show this, if there was such a count in the declaration, the plaintiff had the right to a charge applicable to the whole case.

The new count alleges that the defendant accused the plaintiff of giving the child poison with intent to kill or injure the child. This seems to put a different construction upon the act from that assumed by the court, as the only charge in the declaration, except that of giving the poison with intent to kill. This count certainly does raise the question how far it is slanderous to charge one with giving poison, with intent to injure the person to whom it was given. This does not necessarily imply that it was given with intent to do serious and extreme injury. As the construction is to be most unfavorable to the pleader, we could not fairly assume perhaps, in the present case, that any thing more is alleged in this portion of the count, than that the poison was given for the purpose of injuring the child. It does not readily occur to us how we could fairly gauge the extent of this injury, at such a degree of intensity, as to be able to say that it necessarily partook of the same character, as a charge of giving

poison with intent to kill, or with a reckless indifference to fatal results, and if not, we are not prepared to say, that in the absence of all proof such a charge was actionable, by the law of Canada, we could take judicial notice that it was.

As the laws of foreign countries, when relied upon in the trial of an action, are to be proved, like other facts, there is perhaps no danger of doing injustice here, if we assume, that if the plaintiff could have shown the law of Canada to be such as to be of advantage to him, he probably would have given evidence upon that point. We think it safe then to say that in the absence of such proof and with the fair presumption in such cases, it is proper to assume that such a charge is not slanderous in Canada, and if not so there, it gives no cause of action here.

The judgment is affirmed.