PATTERSON, J.
—The plaintiff recovered a judgment at the-circuit upon a contract of guaranty executed and delivered by the defendant in Paris, France, to the plaintiff’s assignor. The defendant resided at Paris, and the plaintiff’s assignor was a merchant in that, city, with whom the defendant’s husband had commercial dealings. Prior to the establishment of the business re *752 lations referred to, the plaintiff’s assignor required the defendant’s husband to furnish a guaranty in writing, to be signed by.his wife,which was done, and the instrument is in the following words, according to the exhibit put in evidence at the trial:
“ I hereby declare myself responsible towards Mr. Ferdinand Robert, 52 Faubourg Poissoniere, Paris, to the extent of twelve thousand five hundred francs, for uncovered balance my husband1 Mr. E. Sinnotte De Loiselle, 907 Broadway, New York, may have with Mr.. Robert on the first day of July, 1893. The. above guaranty being executable at the first request of Mr. Robert after the 9th of July, 1893.”
The plaintiff; in his complaint, declares upon this contract, and makes no allegation respecting the validity of the contract under the laws of the republic of France, nor does he aver what the law of that country is'concerning collateral contracts of this character, nor was any proof made at the trial relating to that matter. The answer makes no allusion to the law of France, or the place of execution or performance of the contract. No question was made, either in pleading or by objection to evidence, of the validity of the guaranty under the statute of frauds of this state. A verdict was directed for the plaintiff by the learned judge at circuit, and from the judgment entered thereupon this appeal is taken.
The contention on behalf of the appellant is, in substance, that, inasmuch as this contract of the defendant was made and executed in France, it is to be construed -in accordance with the law of that jurisdiction ; that, its validity depending upon that law, it is incumbent upon the plaintiff to show that he has an enforceable form of action by that law ; and that it is a part of the plaintiff’s case to show to the court, as matter of fact, what the law of France is upon the subject. It is urged that no presumption exists that the law of France is the same as that of the state of New York on the subject of agreement of this character, which is doubtless the1 •case, as no presumption is to be indulged in that, in countries ini’ which the civil law prevails, its rules are identical with those of the common law, or with the provisions of the statutes of this state respecting written obligations to answer for the debt, default, .or miscarriage of another. •
But the question presented in this case is not one dependent upon the indulgence of any presumption respecting the law of France. The plain case is presented of one seeking to enforce rights acquired under a contract made abroad, which contract is of a character enforceable in the courts of this state,—one apparently made in the course of commercial transaction, and the recognition and enforcement of which will not violate any law of this1 state, nor run counter to any dictate of public policy. Under such-circumstances we conceive the law to be well settled that the courts of this jurisdiction, which are open to foreigners as well as-to citizens, will determine the rights of the parties to the contract by our own law, and if the law of the place in which the contract-was made differs in any respect from the law of the forum, so that liability according to the lex loci contractus would not attach or would be voided, it is for the defendant claiming the benefit *753 of the foreign law to show the existence of its provision invalidiiting the contract sued upon. It is unnecessary to cite an array of authorities in support of this view, for what was said by the court of appeals in Monroe v. Douglass, 5 N. Y. 452, disposes of the whole subject in these words:
“It is a well-settled rule, founded on reason and authority> that the lex fori, or, in other words, the laws of the country to whose courts a party appeals for redress, furnish, in all cases, prima facie, the rule of decision ; and if either party wishes the benefit of a different rule or law, as, for instance, the lex domicilii, lex loci contractus, or lex loci rei sitse, he must aver and prove it. The courts of a country are presumed to be acquainted only with their own laws. Those of other countries are to be Averred and proved like other facts of which courts do not take judicial notice."
Two propositions are included in this rule, proclaimed- in the case cited, viz.: That, when the suitor is properly in court upon Ms contract, a remedy will be afforded' according to the law of the state of New York, and the contract stipulations enforced, unless a different law governing that contract is made to appear; And that, to make it appear, it must be set up by the party claiming advantage under it-.
The judgment appealed from should be affirmed, with costs.
All concur. .