### MACKEY v. MEXICAN CENT. RY. CO.

(City Court of New York, Special Term. December, 1902.)

1. ACTION FOR PERSONAL INJURIES—COMPLAINT—PLEADING FOREIGN LAWS.
      In an action in New York by a resident thereof against a foreign corporation for personal injuries, sustained through defendant's negligence in an accident in a foreign country, it is not necessary to state in the complaint the foreign law.

Action by one Mackey against the Mexican Central Railway Company. Demurrer to complaint for insufficiency of facts overruled.

Joseph Fischer, for plaintiff.
John D. Lindsay and Franklin H. Mills, for defendant.

O'DWYER, J. In an action brought in this state by a resident thereof against a foreign corporation to recover damages for personal injuries sustained through the negligence of the defendant, a common carrier, in an accident which occurred in the republic of Mexico, it is not necessary to state in the complaint the law of the foreign country. Actions for injuries to the person committed abroad are sustained without proof in the first instance of the lex loci, upon the presumption that the right to compensation for such injuries is recognized by the

laws of all countries. Whitford v. Railroad Co., 23 N. Y. 465; McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664; Monroe v. Douglass, 5 N. Y. 447; Savage v. O'Neil, 44 N. Y. 298; Hynes v. McDermott, 82 N. Y. 41, 37 Am. Rep. 538; Id., 91 N. Y. 451, 43 Am. Rep. 677; Stokes v. Macken, 62 Barb. 145. If the law of the republic of Mexico denies the plaintiff's right to compensation for the wrong complained of, that is matter of defense, and not part of the plaintiff's cause of action; for the courts will not presume the existence of a state of the law in any country by which compensation is not provided for such injuries.

Demurrer overruled, with costs, with leave to answer over within six days upon payment of costs.