HENRY SLIOSBERG, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.  (Actions Nos. 1 and 2.)

Supreme Court, New York Special Term, July 15, 1925.

**Courts — ouster of jurisdiction by parties — motions under Rules of Civil Practice, rule 107, subd. 2, to dismiss complaints in actions by non-resident alien against domestic insurance company, arising from insurance contracts made in Russia for lack of jurisdiction of subject matter — clause in contracts giving Russian courts jurisdiction does not preclude plaintiff from bringing actions in courts of this State — possibility that defendant may be unable to furnish hypothetical defenses does not warrant refusal of courts of this State to take jurisdiction — pleadings — complaint — first causes of action, seeking to recover amount expressly agreed to be paid in policy, not insufficient for failure to plead law of Russia — second causes of action, seeking return of premiums paid on theory of repudiation and obligations under policies, dismissed for failure to plead law of Russia as to right to recover upon allegation resting on anticipatory repudiation of agreement.**

A clause in contracts of insurance made in Russia to the effect that any claims or suits arising under the policy shall be subject to the jurisdiction of Russian courts alone, does not preclude the plaintiff, an alien insured under said contracts, from bringing actions against the defendant, a domestic insurance company, in the courts of this State, since said clause does not justify a declination of jurisdiction.  At most, said clause enables the court to consider the circumstances surrounding the allegation and to give effect to the stipulation of the parties in the exercise of a sound discretion.

The motions to dismiss the complaints for lack of jurisdiction are not within the letter of subdivision 2 of rule 107 of the Rules of Civil Practice, since the court has jurisdiction, but seem to be within the spirit of the rule and, therefore, the applications will be considered on the merits.

The possibility that the defendant may be unable to establish certain hypothetical defenses in this jurisdiction because of its inability to ascertain the facts or to prove them when ascertained, does not warrant a refusal to accept jurisdiction by the courts of this State.

Plaintiff's first causes of action, which seek to recover a sum of money expressly agreed to be paid by the terms of the policy, are not insufficient by reason of the fact that plaintiff failed to plead the law of Russia, the contracts having been made in that country, since the obligation is not created by the law of Russia.  He would be entitled to recovery under the law of Russia or any civilized jurisdiction.

However, failure to plead the law of Russia warrants a dismissal of the second causes of action for insufficiency, where plaintiff claims the return of premiums paid, on the theory that defendant has repudiated its obligation under the policies, since said claim rests upon an anticipatory repudiation, and the law of Russia cannot be presumed in an action to recover therefor.

MOTIONS to dismiss complaints for lack of jurisdiction of subject-matter and for insufficiency.

*Engelhard, Pollak, Pitcher & Stern* [*Walter H. Pollak* and *Ruth I. Wilson* of counsel], for the plaintiff.

*Sullivan & Cromwell* [*John Foster Dulles, Emery H. Sykes, Louis H. Cooke* and *Rogers S. Lamont* of counsel], for the defendant.

*Davis, Polk, Wardwell, Gardiner & Reed* [*John W. Davis* and *David E. Hudson* of counsel], as *amici curiæ*, in support of the motions.

Churchill, J.:

The actions are brought by a non-resident alien against a domestic insurance company. They grow out of insurance contracts made in Russia in 1901 and 1906. The present motions are to dismiss the complaints, *first*, for lack of jurisdiction of the subject-matter; *secondly*, for insufficiency. In the alternative a stay of further prosecution is asked, either indefinitely or until conditions have so changed as to make an adequate defense possible.

The challenge to the jurisdiction rests upon a clause in the policies which provides that " any claims or suits that may arise on the present insurance are acknowledged by both parties as being subject to the jurisdiction of the St. Petersburg courts only." But for this clause the question of jurisdiction could not arise. The court would be bound to take jurisdiction. (*Smith* v. *Crocker*, 14 App. Div. 245; affd., 162 N. Y. 600.) Nor would the clause alone justify a declination of jurisdiction. At most, the clause enables the court to consider the circumstance surrounding the litigation and to give effect to the stipulation of the parties in the exercise of a sound discretion. The question is whether the facts shown require the court, in the interests of justice, to remit the parties to the foreign tribunal. (*Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346, 354.)

Since, therefore, the court has jurisdiction and the only question is whether, in its discretion, it will exercise or decline to exercise that jurisdiction, the case is not within the letter of subdivision 2 of rule 107 of the Rules of Civil Practice. But I think it is within the spirit of the rule and I will, therefore, consider the application on the merits, especially as no objection is raised on that point.

If plaintiff were required by his contracts to resort to the assets of the company in Russia before seeking satisfaction at the corporate domicile, there might be good reason to give effect to the clause in question. Or if the corporate business in Russia were in process of liquidation by virtue of the decree of the Soviet government, there might be force in the suggestion that the Russian policy-holders should be required to seek satisfaction from the Russian assets so in course of administration before going against the property of the company here.

But neither of these conditions is to be found in the case. The

entire assets of the company, here as well as elsewhere, are expressly made liable to the policyholder by the terms of his policy. They would be so even without express agreement. (*Sokoloff* v. *National City Bank*, 239 N. Y. 158.) Even if plaintiff were required to bring suit in Russia, he could not be compelled to resort to the Russian assets for satisfaction of his judgment. Nor is there any process of liquidation going on in Russia. Insurance has been abolished in favor of other schemes of social protection and the assets of the company have been confiscated. It is hardly conceivable, certainly it is not made to appear, that justice to the defendant requires that it be allowed to defend in a jurisdiction from which it has been expelled and in which its property has been confiscated and where elementary concepts of justice, as understood in our system of law, have to some extent been overthrown.

The suggestion that there may be defenses to the plaintiff's claims which defendant may be unable to establish in this jurisdiction because of inability to ascertain the facts, or to prove them when ascertained, is too unsubstantial to affect the decision of the motion. The defendant will be at liberty to put in issue any allegations of the complaints concerning which it lacks information. The burden will be on plaintiff to establish his causes of action. Any defenses which defendant may think it has may be pleaded. Difficulties of proof may justify some leniency in forcing the trial of the issues after they have been joined. Possibly these difficulties may diminish or disappear as the case awaits its turn on the calendar. But the mere possibility that defendant may be unable to establish hypothetical defenses is hardly a reason for refusing to take jurisdiction of a plain case which plaintiff states in his complaint and says that he stands ready to establish.

Nor do I think there is anything of substance in the claim that only a Russian court can properly read the policy. While the Russian text is to control as against any translation annexed to the policy, there is no reason why the court of the forum may not receive evidence of the true meaning of the Russian script, irrespective of any translation annexed to it.

It should also be noted that in so far as the complaints proceed on the theory of repudiation of the contracts the jurisdictional clause has no application. If the contracts were repudiated this clause must have fallen with them. (*Jureidini* v. *National British, etc., Ins. Co.*, L. R. 1915 App. Cas. 499; *The Atlanten*, 252 U. S. 313.)

The motions to dismiss for lack of jurisdiction will, therefore, be denied.

In each of the complaints plaintiff attempts to state two causes of action. Under the first cause of action in each case he claims

a sum of money expressly agreed to be paid by the terms of the policy. Under the second cause of action he claims the return of premiums paid on the theory that the defendant has repudiated its obligations under the policy. In action No. 2 the last-mentioned claim rests upon an anticipatory repudiation, since the due date has not yet arrived. No question is raised as to the right to join seemingly inconsistent causes of action in the complaint. (*Joannes Bros. Co.* v. *Lamborn*, 237 N. Y. 207.)

Defendant's contention is that none of the causes of action is sufficiently stated because the law of Russia is not pleaded. It is said that the contracts were made and to be performed in Russia and hence that plaintiff derives such rights as he may have from the law of Russia; that our courts merely enable him to enforce rights which were vested in him by the law of the foreign jurisdiction. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 109; *Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473.) But I think this view is not quite accurate.

These are not claims for causing death, or for enforcing the liability of a master to his servant for a negligent omission, or to recover for any other tortious act where the quality of the act is determined and the right of action created by the law of the place where the act is done. In the present cases the obligation, so far as the first causes of action are concerned, is created by the convention of the parties. Having been made in Russia and to be there performed, it is true that the agreement must have been consistent with the law of Russia before its enforcement could be properly asked there or elsewhere. So, if the agreement requires construction, it is to be construed according to the law of Russia, and the sufficiency of performance under it is to be tested by the Russian law. But the obligation is not, in any proper sense, created by the law of Russia any more than it could be destroyed by that law. (*James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248, 257.)

But the validity of these contracts under the law of Russia may be presumed until the contrary is shown. So, as plaintiff only asks, in the first causes of action, what the contract expressly provides he shall receive, it may equally be presumed, in the absence of pleading and proof to the contrary, that he would be entitled to that recovery under the law of Russia or of any other civilized jurisdiction. (*Latham* v. *de Loiselle*, 3 App. Div. 525; affd., 158 N. Y. 687; *Whitford* v. *Panama R. R. Co.*, 23 id. 465, 467, 468; *Cuba R. R. Co.* v. *Crosby, supra; Mackey* v. *Mexican Central R. Co.*, 78 N. Y. Supp. 966; *Parrot* v. *Mexican Central R. Co.*, 207 Mass. 184.) There is nothing before the court, on this branch of the

motions, to repel these presumptions. The sufficiency of the complaints must be determined from an inspection of the pleadings alone. The affidavits submitted in support of the motions to dismiss for lack of jurisdiction are not to be considered on this point.

Hence, as to the first causes of action, the law of Russia need not be pleaded by plaintiff. They are sufficiently stated and the motions to dismiss them will be denied.

The second causes of action are in their nature essentially different from the first. The right of action does not spring from the contracts. If the right exists, its source must be found in the law of the land, not in the agreement of the parties. Under the common law a recovery is allowed on the theory of a promise, implied in law, to restore the price paid for a consideration which has failed. But this conception is not so elemental or rudimentary that its existence must be presumed to be coextensive with all systems of jurisprudence in civilized countries. That it is subject to refinements is shown by the fact that it is doubtful whether it would be applied, in this jurisdiction, to the cause of action which rests upon an anticipatory repudiation (*Kelly* v. *Security Mutual Life Ins. Co.,* 186 N. Y. 16; *Michaelsen* v. *Security Mut. Life Ins. Co.,* 154 Fed. 356), though in many common-law jurisdictions the right of action would be unquestioned. (32 C. J. 1265.) It follows that it cannot be presumed that under the law of Russia plaintiff would be entitled to recover on his second causes of action. It is not a mere question of a remedy to be determined by the law of the forum. (*Pritchard* v. *Norton,* 106 U. S. 124.) It is a question of a substantive right to be ascertained by the law of the place where the contracts were made and were to be performed. Though the causes of action are not upon the contracts they grow out of the contracts. If recovery of the consideration is allowed it is a consequence flowing from the making of the contracts and their subsequent repudiation. When the question is whether or not the law will attach a particular liability to the breach of a contract we look for answer to the law of the place where the contract was made and was to be performed rather than to the law of the forum. The same law must equally control when the question is what consequences ought to follow a repudiation of the engagement. It is not important, therefore, whether the act of repudiation occurred in Russia or in New York. The law of Russia must be pleaded before causes of action are stated.

How far, if at all, the rights of the parties may be affected by changes in the law of Russia occurring since the contracts were made, and, especially, by changes due to enactments of an unrecognized government, is a question which cannot properly be

determined until it has been directly presented and counsel have been heard on the point. (See *Sokoloff* v. *National City Bank*, *supra*.)

The motions to dismiss the second causes of action for insufficiency will be granted, with ten dollars costs in each case, and with leave to plaintiff to amend on payment of such costs.

The application for a stay will be denied without prejudice to a renewal after the action is at issue and on the calendar.

Settle order on notice.