JACOB M. LIACHOVITZKY, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 3, 1925.

Insurance — life insurance — action to recover face value of life insurance policy less premiums paid — policy provided defendant would pay plaintiff 3,000 rubles at end of twenty-year period on consideration plaintiff paid annual premiums in Petrograd — plaintiff paid premium to 1918 when defendant insurance company withdrew from Russia — plaintiff entitled to recover where defendant repudiated policy though plaintiff was willing to pay premiums — complaint sufficient — failure of plaintiff to allege Russian law does not preclude recovery — plaintiff's second cause of action for paid-up policy sufficient.

Plaintiff, to whom the defendant, a New York life insurance company, issued a twenty-year payment life insurance policy in Russia on December 1, 1902, under the terms of which said defendant agreed to pay on December 1, 1922, in Petrograd, the sum of 3,000 rubles, if plaintiff survived, in consideration of plaintiff's having paid annually the premium thereon in Petrograd, is entitled to recover the difference between the face value of the policy and the amount of premiums unpaid during the period from 1918 to 1922, when the policy matured, notwithstanding the fact that the plaintiff did not meet the premiums in said interim by reason of the fact that since 1918 defendant maintained no offices in Russia, though plaintiff was able and willing to pay said premiums.

It is not necessary for the plaintiff to allege the law of Russia in order to establish the validity of his claim, since the complaint in his action seeks to enforce rights acquired under a contract executed in a foreign country of a character enforcible in the courts of this State.    Moreover, the cause of action is for a sum of money in keeping with defendant's promise to pay, and does not run counter to public policy, since no civilized community expects one party to perform a condition precedent if the other party has rendered such performance impossible.

Plaintiff's second cause of action for a paid-up policy in a sum set forth in a table annexed to the policy issued by defendant is sufficient, notwithstanding the fact that he did not make a demand therefor under the terms of the policy, where defendant itself made a timely demand impossible.

APPEAL by plaintiff from an order of the City Court of the City of New York, dismissing his complaint for failure to state a cause of action.

*Borris M. Komar,* for the appellant.

*Sullivan & Cromwell* [*John Foster Dulles* and *Roger S. Lamont* of counsel], for the respondent.

BIJUR, J. The particular defect to which defendant's motion is addressed is failure to allege the applicable law of Russia.

The complaint sets forth two causes of action. It alleges, as the first, that in December, 1902, defendant issued in Russia a twenty-year life insurance policy to plaintiff under the terms of which it promised to pay on December 1, 1922, in the city of Petrograd, Russia, the sum of 3,000 rubles, if plaintiff then survived, in consideration of plaintiff's payment of annual premiums; " that said policy and all the sums due thereon and thereunder were and are payable at the City of Petrograd, Russia; " that since December, 1918, defendant has maintained no offices in Russia; that in 1919 defendant repudiated all liability under said policy; that plaintiff was able and willing to pay the premiums but was unable to do so by reason of defendant's withdrawal from Russia. It asks for the payment of the face amount of the policy due December 1, 1922, less the premiums unpaid.

As the second cause of action it is alleged that the policy provided that on default in payment of premiums after the third year the defendant would issue on demand a paid-up policy in a sum set forth in a table annexed to the policy; that plaintiff, on April 15, 1925, demanded of defendant the issuance of such a paid-up policy and the payment of the amount due thereunder; and prays for the like sum as in the first cause of action.

The learned judge below was of opinion, as urged by defendant, that this complaint could not be sustained unless the plaintiff set forth the law of Russia establishing the validity of his claim. The rule in this State is expressed in *Latham* v. *de Loiselle* (3 App. Div. 525, 527; affd., on opinion below, 158 N. Y. 687): " The plain case is presented of one seeking to enforce rights acquired under a contract made abroad * * * of a character enforcible in the courts of this State; one apparently made in the course of commercial transaction and the recognition and enforcement of which will not violate any law of this State, nor run counter to any dictate of public policy. Under such circumstances we conceive the law to be well settled that the courts of this jurisdiction, which are open to foreigners as well as to citizens, will determine the rights of the parties to the contract by our own law, and if the law of the place in which the contract was made differs in any respect from the law of the forum, so that liability according to the *lex loci contractus* would not attach, or would be avoided, it is for the defendant

claiming the benefit of the foreign law to show the existence of its provision invalidating the contract sued upon." This was said in a case where plaintiff was suing upon a guaranty, made in France, of the indebtedness of her husband to a French merchant.

In *Cuba R. R. Co.* v. *Crosby* (222 U. S. 473) a workman was suing for an injury caused by defendant's defective machinery. Plaintiff alleged that he had noticed the defect and reported it and had been promised that it should be repaired. The court, by Mr. Justice HOLMES, declined to sustain a presumption that a cause of action existed in Cuba under these circumstances in view of the fact that the pertinent doctrine in this country was characterized by peculiarity and difficulties and dominated by " the great consideration with which workmen are treated here." But the court said: " It may be that in dealing with rudimentary contracts or torts made or committed abroad, such as promises to pay money for goods or services, or battery of the person or conversion of goods, courts would assume a liability to exist if nothing to the contrary appeared. (*Parrot* v. *Mexican Central Railway Co.*, 207 Mass. 184.) Such matters are likely to impose an obligation in all civilized countries."

In the *Parrot Case* (*supra*, at p. 192) the Supreme Court of Massachusetts wrote: " Mr. Wigmore in his work on Evidence also says in § 2536 that presumption may, within certain limits, be resorted to. He adds, ' If the foreign State is not one whose system is founded on the common law the presumption (that its law is the same as that of the forum) will probably not be made, unless the principle involved is one of the law merchant common to civilized countries.' Here is an implication that universal rules or principles known to be common to all civilized countries will be presumed to be recognized by the courts of all nations." (See, also, *Langdon* v. *Young*, 33 Vt. 136, 138; *Sliosberg* v. *N. Y. Life Ins. Co.*, *Nos. 1 & 2*, 125 Misc. 417; Story Confl. Laws [8th ed.], note by Dean Begelow to ¶ 637, p. 863.)

The causes of action in the complaint before us are within the spirit of the Federal and Massachusetts cases and well within the scope of the actual decision of the New York case cited. Respondent's counsel claims to find elements of difficulty and peculiarity in the fact that plaintiff undertakes to excuse his own non-performance, *i. e.*, failure to pay premiums after 1918. As I read it, however, the cause of action is merely one to recover a sum of money in accordance with defendant's literal promise, and surely in no civilized community can a plaintiff be expected to perform a condition precedent thereto if defendant has itself rendered such performance impossible.

As to the second cause of action, respondent urges in substance that plaintiff did not demand a paid-up policy at the time he ceased to pay premiums; that his demand, made three years after the maturity of the policy for a paid-up policy of a less amount as of 1918, was belated and presents a wholly different situation from that which would have existed had he made the demand in 1918; that in the latter event had a policy been issued to him it would have contained stipulations and conditions which might have redounded to defendant's advantage in the meantime, etc., and that thus the cause of action became complex.   As to the former consideration it must be noted, as it has been in regard to the first cause of action, that defendant itself is alleged to have made a timely demand impossible.   As to the latter, plaintiff may have asked for an inexact form of relief rather than for the value of the paid-up policy as of the date of the default (see *N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24); but this does not affect the character of the cause of action and " all matters respecting the remedy " are to be determined by the law of the forum. (*Union Nat. Bank* v. *Chapman*, 169 N. Y. 538, 543; *Pritchard* v. *Norton*, 106 U. S. 124, 133.)

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within six days after service of a copy of the order entered hereon upon payment of said costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.