# CUBA RAILROAD COMPANY *v.* CROSBY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 124. Argued December 18, 1911.—Decided January 9, 1912.

In dealing with rudimentary contracts, or torts made or committed abroad, courts may assume a liability to exist if nothing to the contrary appears, but they cannot assume that the rights and liabilities are fixed and measured in the same manner in foreign countries as they are in this.

With rare exceptions, the liabilities of parties to each other are fixed by the law of the territorial jurisdiction within which the wrong is done and the parties are at the time of doing it.

The extension of hospitality of our courts to foreign suitors must not be made a cover for injustice to defendants of whom they may be able to lay hold.

There is no general presumption that the law of Cuba as inherited from Spain and as since modified is the same as the common law.

While as between two common-law countries the common law may be presumed to be the same in one as in the other, a statute of one would not be presumed to be the statute of the other.

A trial court of the United States cannot presume that the same obligation rests upon an employer in Cuba as in this country to repair defects in machinery called to his attention, or in case of failure to repair to be deprived of the fellow-servants defense. Such a rule of law, if existent in a foreign jurisdiction, must be proved.

170 Fed. Rep. 369; 95 C. C. A. 539, reversed.

THE facts are stated in the opinion.

*Mr. Howard Mansfield* for petitioner:

The courts of the United States should not take cognizance of an alleged cause of action for a foreign tort where the rights of the parties under the foreign law cannot be certainly and definitely ascertained, and where

the foreign tribunal is equally available to both parties. *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120, 129.

The rule is that the *lex loci delicti* determines whether or not there is a cause of action. *Machado* v. *Fontes* (1897), L. R. 2 Q. B. 231; *Phillips* v. *Eyre* (1876), L. R. 6 Q. B. 1; *Coyne* v. *Southern Pac. Co.* (1907), 155 Fed. Rep. 683; Minor's Conflict of Laws, § 202; Dicey on the Conflict of Laws; Moore's Notes, 659, 667; Cooley on Torts, 3d ed., 900; *Mexican Central Ry. Co.* v. *Chantry*, 136 Fed. Rep. 316; *Mexican Cent. Ry. Co.* v. *Eckman*, 205 U. S. 538.

The last two cases dispose of the *dictum* in *Scott* v. *Lord Seymour*, 1 H. & C. 219, relied on by the Circuit Court, and by the majority of the Circuit Court of Appeals.

Federal courts will not take cognizance of a common tort which arose in a civil law jurisdiction, unless the acts complained of gave rise to an obligation in the jurisdiction where the alleged cause of action arose.

There can be no presumption that the common law extends to Cuba.

In the case of a country not settled by England or English colonists there is no presumption that the common law prevails there or that rights given by the common law exist in such country; and our courts must take judicial notice that Cuba was not settled by England or her colonists, but that it formed part of the Spanish possessions and that the civil law obtains there, and that that law is wholly statutory. *Davison* v. *Gibson*, 56 Fed. Rep. 443; *Savage* v. *O'Neil*, 44 N. Y. 298; *Aslanian* v. *Dostumian*, 174 Massachusetts, 328; *Mex. Cent. Ry. Co., Ltd.,* v. *Chantry*, 136 Fed. Rep. 316.

There can be no presumption, nor any ruling in the absence of pleading or proof, that the act alleged gave rise to a cause of action in the foreign country. *Evey* v. *Mexican Cent. R. R. Co.*, 81 Fed. Rep. 294; *Slater* v. *Mexican Natl. R. R. Co.*, 194 U. S. 120; *Stewart* v. *Baltimore &

*Ohio R..R. Co.*, 168 U. S. 445; *Atchison &c. Ry. Co.* v. *Sowers*, 213 U. S. 55; *Am. Banana Co.* v. *United Fruit Co.*, 213 U. S. 347; *Goodyear Tire & Rubber Co.* v. *Rubber Tire Wheel Co.* (1908), 164 Fed. Rep. 869; *Farrell* v. *Farrell*, 142 App. Div. 605; *McLeod* v. *Railroad Company*, 58 Vermont, 727.

The plaintiff Crosby, having alleged a transitory action arising in a civil law country, but failing to plead or prove that the acts complained of gave rise to any *obligatio*, the judgments below were clearly erroneous. *Mexican Cent. R. R. Co.* v. *Eckman*, 205 U. S. 538; 156 Fed. Rep. 1023; *Chouquette* v. *Mexican Cent. R. R. Co.*, 156 Fed. Rep. 1022; *Slater* v. *Mex. Natl. R. R. Co.*, 194 U. S. 120.

Where the act complained of happened in a foreign jurisdiction and a right of action is alleged to have arisen therefrom, the law of the forum and the remedy of the forum must in some degree resemble the law of the wrong and its remedy. *Northern Pacific R. R. Co.* v. *Babcock*, 154 U. S. 190; *Herrick* v. *Minn. & St. L. Ry. Co.*, 31 Minnesota, 11; *Parrot* v. *Mexican Central Ry. Co.*, 207 Massachusetts, 184; Story on Conflict of Laws, 7th ed., § 637.

The precise presumptions requisite to sustain the judgments below have no proper legal basis. *Andrecsik* v. *N. J. Tube Co.*, 73 N. J. Law, 664; *District of Columbia* v. *McElligott*, 117 U. S. 621.

The rule applied by the courts below that the plaintiff was relieved from the assumption of risk of injury due to the defective machinery after he had noticed the defect and received from the superintendent a promise to remedy the defect, is not applicable, since that rule can properly be applied only to cases where the servant is *necessarily* exposed to the dangers of that particular machinery. *Roccia* v. *Black Diamond Mining Co.*, 121 Fed. Rep. 451 (1903); *Showalter* v. *Fairbanks Co.*, 60 N. W. Rep. 257; *Cincinnati &c.* v. *Robertson*, 139 Fed. Rep. 519; *Crookston Lumber Co.* v. *Boutin*, 149 Fed. Rep. 680; *Cooperage Co.* v. *Headrick*, 159 Fed. Rep. 680.

*Mr. Benjamin M. Weinberg,* with whom *Mr. Edwin L. Kalish* was on the brief, for respondent:

If the law of the State or country in which the injury occurred is opposed to the public policy of the State or country in which the action is brought, that law will not be followed. *Scott* v. *Seymour,* 1 H. & C. 219; *Morisette* v. *Can. Pac. Ry. Co.,* 76 Vermont, 267; *Walsh* v. *N. Y. & N. E. Ry. Co.,* 160 Massachusetts, 571; *Whitford* v. *Panama R. R. Co.,* 25 N. Y. 465.

It was immaterial that the plaintiff failed to prove his right of recovery under the Cuban law, as the court will presume, until otherwise proven, that the law of the place where the injury was inflicted, if such injury is predicated on the invasion of a generally known right, is the same as that prevailing in the trial forum. Jones on Evidence, 2d ed., § 84; Whart. Conflict Laws, §§ 778, 1531; 13 Am. & Eng. Enc. Law, 2d ed. 1060; 9 Enc. Pl. and Pr. 543; *Monroe* v. *Douglass,* 5 N. Y. 447; *Lloyd* v. *Guibert,* L. R. 1 Q. B. 113, 129; *Savage* v. *O'Neil,* 44 N. Y. 298; *Sokel* v. *People,* 212 Illinois, 238; *The Scotland,* 105 U. S. 24. See also *Brown* v. *Gracey,* Dow. and Ry. N. P. 41; 16 Eng. Com. Law, 462*n.*; *Linton* v. *Moorehead,* 209 Pa. St. 646; *Scott* v. *Lord Seymour,* 1 H. & C. 219; *The Halley,* L. R. 2 P. C. 193; *Whitford* v. *Panama R. R. Co.,* 25 N. Y. 465; *Hynes* v. *McDermott,* 82 N. Y. 41; *Mackey* v. *Mexican Central R. R. Co.,* 78 N. Y. Supp. 966; *Pratt* v. *Roman Catholic Orph. Asy.,* 20 App. Div. 352; *S. C.,* affirmed, 166 N. Y. 592; *Carpenter* v. *Grand Trunk R. R. Co.,* 72 Maine, 388; *Woodrow* v. *O'Connor,* 28 Vermont, 776; *McLeod* v. *Conn. R. R. Co.,* 58 Vermont, 727; *State* v. *Morrill,* 68 Vermont, 60; *Loaziza* v. *Superior Court,* 85 California, 11; *Wickersham* v. *Johnson,* 104 California, 407; *Chase* v. *Alliance Ins. Co.,* 9 Allen, 311; *Aslanian* v. *Dostumian,* 174 Massachusetts, 328; *Mittenhal* v. *Mascagni,* 183 Massachusetts, 19; *Dainese* v. *Hale,* 91 U. S. 13; *Davison* v. *Gibson,* 56 Fed. Rep. 443; *Mexican Cent. R. R. Co.*

v. *Marshall*, 91 Fed. Rep. 933; *Mexican Cent. R. R. Co.* v. *Glover,* 107 Fed. Rep. 365.

In the absence of proof to the contrary and until the foreign law has been actually shown, the law of the land is to be applied. Dicey, Conflict of Laws, 2d ed. (1908), 39; *The M. Moxham*, 1 P. D. 107; *The Halley*, L. R. 2 P. C. 193; *Philips* v. *Eyre*, 4 L. R. Q. B. 225; 6 L. R. Q. B. 1 (1869); *Machado* v. *Fontes*, 2 L. R. Q. B. 542 (1897), also cited as 2 Q. B. (C. A.) 231–233 (1897); *Parrot* v. *Mexican Cent. R. R. Co.*, 207 Massachusetts, 184.

Mr. Justice Holmes delivered the opinion of the court.

This is an action for the loss of a hand through a defect in machinery, in connection with which the defendant in error, the plaintiff, was employed. The plaintiff had noticed the defect and reported it, and, according to his testimony, had been promised that it should be repaired or replaced as soon as they had time, and he had been told to go on in the meanwhile. The jury was instructed that if that was what took place the defendant company assumed the risk for a reasonable time, and, in effect, that if that time had not expired the plaintiff was entitled to recover. The jury found for the plaintiff. The accident took place in Cuba, and no evidence was given as to the Cuban law, but the judge held that if that law was different from the *lex fori* it was for the defendant to allege and prove it, and that as it had pleaded only the general issue the verdict must stand. 158 Fed. Rep. 144. The judgment was affirmed by a majority of the Circuit Court of Appeals. 170 Fed. Rep. 369. 95 C. C. A. 539.

The court below went on the ground that in the absence of evidence to the contrary it would "apply the law as it conceives it to be, according to its idea of right and justice; or, in other words, according to the law of the forum." We regard this statement as too broad, and as having been wrongly applied to this case.

It may be that in dealing with rudimentary contracts or torts made or committed abroad, such as promises to pay money for goods or services, or battery of the person or conversion of goods, courts would assume a liability to exist if nothing to the contrary appeared. *Parrot* v. *Mexican Central Railway Co.*, 207 Massachusetts, 184. Such matters are likely to impose an obligation in all civilized countries. But when an action is brought upon a cause arising outside of the jurisdiction it always should be borne in mind that the duty of the court is not to administer its notion of justice but to enforce an obligation that has been created by a different law. *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120, 126. The law of the forum is material only as setting a limit of policy beyond which such obligations will not be enforced there. With very rare exceptions the liabilities of parties to each other are fixed by the law of the territorial jurisdiction within which the wrong is done and the parties are at the time of doing it. *American Banana Co.* v. *United Fruit Co.*, 213 U. S. 347, 356. See *Bean* v. *Morris*, 221 U. S. 485, 486, 487. That and that alone is the foundation of their rights.

The language of Mr. Justice Bradley in *The Scotland*, 105 U. S. 24, with regard to the application of the *lex fori* to a case of collision between vessels belonging to different nations and so subject to no common law, referred to that class of cases and no others, and was used only in coming to the conclusion that foreign vessels might take advantage of our Limited Liability Act. See also *The Chattahoochee*, 173 U. S. 540, 550. Other exceptional cases are referred to in *American Banana Co.* v. *United Fruit Co.*, *ubi supra*, such as those arising in regions having no law that civilized countries would recognize as adequate. But as to causes of action arising in a civilized country the disregard of the foreign law occasionally indicated by some English judges before the theory to be applied was quite worked out must be disregarded in its turn. The

principle adopted by the decisions of this court is clear. See also Dicey, Confl. of Laws, 2d ed., 647 *et seq.*

We repeat that the only justification for allowing a party to recover when the cause of action arose in another civilized jurisdiction is a well founded belief that it was a cause of action in that place. The right to recover stands upon that as its necessary foundation. It is part of the plaintiff's case, and if there is reason for doubt he must allege and prove it. The extension of the hospitality of our courts to foreign suitors must not be made a cover for injustice to the defendants of whom they happen to be able to lay hold.

In the case at bar the court was dealing with the law of Cuba, a country inheriting the law of Spain and, we may presume, continuing it with such modifications as later years may have brought. There is no general presumption that that law is the same as the common law. We properly may say that we all know the fact to be otherwise. *Goodyear Tire & Rubber Co.* v. *Rubber Tire Wheel Co.*, 164 Fed. Rep. 869. Whatever presumption there is is purely one of fact, that may be corrected by proof. Therefore the presumption should be limited to cases in which it reasonably may be believed to express the fact. Generally speaking, as between two common law countries, the common law of one reasonably may be presumed to be what it is decided to be in the other, in a case tried in the latter state. But a statute of one would not be presumed to correspond to a statute in the other, and when we leave common law territory for that where a different system prevails obviously the limits must be narrower still. *Savage* v. *O'Neil*, 44 N. Y. 298. *Crashley* v. *Press Publishing Co.*, 179 N. Y. 27, 32, 33. *Aslanian* v. *Dostumian*, 174 Massachusetts, 328, 331.

Even if we should presume that an employé could recover in Cuba if injured by machinery left defective through the negligence of his employer's servants, which

would be going far, that would not be enough. The plaintiff recovered, or, under the instructions stated at the beginning of this decision, at least may have recovered, notwithstanding his knowledge and appreciation of the danger, on the strength of a doctrine the peculiarity and difficulties of which are elaborately displayed in the treatise of Mr. Labatt. 1 Labatt, Master & Servant, ch. 22, esp. § 424. To say that a promise to repair or replace throws the risk on the master until the time for performance has gone by, or that it does away with or leaves to the jury what otherwise would be negligence as matter of law is evidence of the great consideration with which workmen are treated here, but cannot be deemed a necessary incident of all civilized codes. It could not be assumed without proof that the defendant was subject to such a rule.

There was some suggestion below that there would be hardship in requiring the plaintiff to prove his case. But it should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They could not complain if our courts refused to meddle with their affairs and remitted them to the place that established and would enforce their rights. A discretion is asserted in some cases even when the policy of our law is not opposed to the claim. *The Maggie Hammond,* 9 Wall. 435. The only just ground for complaint would be if their rights and liabilities, when enforced by our courts, should be measured by a different rule from that under which the parties dealt.

*Judgment reversed.*