L. H. HORNTHAL v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 23 September, 1914.)

**Telegraphs—Mental Anguish—Other States—Lex Loci Contractus.**
　　In an action against a telegraph company to recover damages for mental anguish alone for its negligent failure to transmit to and deliver a telegram in another State, and under the laws of that State a recovery for mental anguish may not be had unless accompanied with injury to the person or property, and it

appears that the negligence complained of occurred wholly · in such other State, the laws of that State control, and a recovery will accordingly be denied by our courts.

APPEAL by defendant from *Ferguson, J.,* at June Term, 1914, of WASHINGTON.

Action to recover damages for mental anguish arising from a negligent delay in transmitting and delivering a telegram delivered by plaintiff's brother to defendant in Norfolk, Va., and addressed to plaintiff at Plymouth, N. C., in the following words: "I think you had better come at once; father very sick." The father lived in Norfolk at the time the telegram was sent. The following admissions were made in the case:

"1. That there was no negligence whatever committed by the defendant or its agents in North Carolina, and that the only negligence claimed by the plaintiff was that committed in the State of Virginia.

"2. That the telegraphic message sued on was delivered to the Western Union Telegraph Company in Norfolk, properly addressed to the plaintiff in Plymouth, at 6:05 p. m. on Saturday, but was not forwarded until 7:19 the following morning, and was received by the agent in Plymouth at 7:20 Sunday morning and by him delivered promptly to the plaintiff.

"3. That plaintiff left Plymouth on the Norfolk Southern Railroad, being the next train leaving there after he received the telegram sued on, and reached Norfolk about 4 p. m. Sunday.

"4. That plaintiff suffered no physical or pecuniary loss because of the failure to get the telegram on Saturday night, but claims mental anguish only.

"5. That by the law of Virginia no recovery can be had for mental anguish unless it is accompanied by physical suffering or pecuniary loss, and then the recovery is confined to a penalty of $100.

"6. There was a train leaving Plymouth about 1 o'clock at night for Norfolk, due there at 8:30 a. m. There was evidence on the part of the defendant, uncontradicted, that this train was about two hours late on the morning of the death of plaintiff's father."

The verdict of the jury was as follows:

"1. Did the defendant receive the telegram referred to in the complaint and negligently fail and refuse to transmit and deliver same to plaintiff within a reasonable time, as alleged in the complaint? Answer: Yes.

"2. If so, what damages, if any, did the plaintiff sustain by reason of such delay in transmission and delivery? Answer: $500.

"3. Under the law of Virginia, can damages for mental anguish, independent of injury to person or property, be recovered against a telegraph company for negligence in failing to transmit or deliver a message, although the company is advised of the character of the message? Answer: No."

It is unnecessary to set out the charge of the court on the question of negligence in Norfolk, Va., in the view taken of the case by the Court.

Judgment for the plaintiff, and appeal by defendant.

*Ward & Grimes for plaintiff.*

*George H. Fearons, Pruden & Pruden, S. Brown Shepherd, and Alfred S. Barnard for defendant.*

WALKER, J., after stating the facts: It was admitted that there was no negligence unless it was in Norfolk, Va., and we may, in the beginning, concede, for the sake of argument, that there was evidence of negligence there. But if defendant was negligent in handling the message in Norfolk, and the court instructed the jury to confine their inquiry to that alleged negligence, as it was admitted there was none elsewhere, we are of the opinion that plaintiff, upon the verdict and admissions, was not entitled to judgment. We are confronted at the outset with the admission that the alleged negligence occurred in Virginia; that there was no negligence in this State, and, further, that a recovery for mental anguish is not permitted by the law of Virginia for negligence in not transmitting or delivering a telegram, where there is no injury to the person or property, and the law of Virginia is also so found by the verdict to be, as will appear by the third issue and the answer thereto. We need not

consider the recent case of *Penn v. Telegraph Co.,* 159 N. C., 306, because the negligence was alleged therein to have taken place in this State, while here it occurred wholly and exclusively in the State of Virginia.

The very question now presented for our decision has recently been under consideration in the case of *W. U. Telegraph Co. v. Brown,* 34 Sup. Ct. Reporter (U. S.), p. 955. In that case it appeared that the telegram was sent from South Carolina to Washington, D. C., and the negligence occurred in the latter place. It was a message announcing the death of plaintiff's father, and the action was in tort to recover damages for mental anguish arising out of the failure of the company to deliver the message in Washington, D. C. The law of South Carolina allows a recovery for mental anguish, but the law of the District of Columbia does not. The case there presented was, therefore, the converse of ours, but the same principle must govern both, as neither suit was brought in the State where the wrong was committed. With reference to the facts as stated in the *Brown case,* the Court, by *Mr. Justice Holmes,* said: "It is established as the law of this Court that when a person recovers in one jurisdiction for a tort committed in another, he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground, but the measure of the maximum recovery," citing *Slater v. R. R.,* 194 U. S., 126; *Cuba R. Co. v. Crosby,* 222 U. S., 473. And again: "What we said is enough to dispose of the case. But the act also is objectionable in its aspect of an attempt to regulate commerce among the States. That is, as construed, it attempts to determine the conduct required of the telegraph company in transmitting a message from one State to another or to this District, by determining the consequences of not pursuing such conduct, and in that way encounters *W. U. Telegraph Co. v. Pendleton,* 122 U. S., 347, a decision in no way qualified by *W. U. Telegraph Co. v. Commercial Mill Co.,* 218 U. S., 406."

In *Cuba R. Co. v. Crosby, supra,* the Court, by the same justice, said: "When an action is brought upon a cause arising

outside of the jurisdiction, it always should be borne in mind that the duty of the Court is not to administer its notion of justice, but to enforce an obligation that has been created by a different law. *Slater v. Mexican Nat. R. Co.,* 194 U. S., 120. The law of the forum is material only as setting a limit of policy beyond which such obligation will not be enforced there. With very rare exceptions, the liabilities of parties to each other are fixed by the law of the territorial jurisdiction within which the wrong is done and the parties are at the time of doing it. *American Banana Co. v. United Fruit Co.,* 213 U. S., 347. See *Bean v. Morris,* 221 U. S., 485, 486, 487. That and that alone is the foundation of their rights." The same doctrine is stated in Jaggard on Torts (H. S.), p. 102, where it is said that "The wrongfulness of the act or conduct complained of as a cause of action in tort is determined by the *lex loci,* and not by the *lex fori,* and the same is true as to contracts, the validity of the cause of action depending upon the law of the place where the agreement was made, at least where the breach occurs wholly in that place."

It is needless for us to discuss, in this case, how it would be if the breach of the contract, which was made in Virginia, had occurred here, or the negligence in delivering the telegram had been committed here. See *Penn's case, supra.* It is quite sufficient to decide that, as the breach of the contract and the negligence or breach of duty took place wholly in Virginia, the plaintiff can have no cause of action in the courts of this State, unless it is given to him by the law of Virginia, which is negatived both by the admission of facts and by the verdict. In *Cuba R. Co. v. Crosby, supra,* the Court states strongly the view of the law upon this subject, which denies a cause of action to plaintiff, as follows: "We repeat that the only justification for allowing a party to recover when the cause of action arose in another civilized jurisdiction is a well founded belief that it was a cause of action in that place. The right to recover stands upon that as its necessary foundation. It is part of the plaintiff's case, and if there is reason for doubt, he must allege and prove it."

Minor's Conflict of Laws, pp. 479, 480, 481, thus states the principle governing this case: "The law of the situs of a tort is, of course, the 'proper law' to govern the liabilities and rights arising therefrom. If not liable by the *lex loci delicti,* the general rule is that the defendant will not be liable elsewhere. If liable by that law, he will usually be held liable wherever the question arises to the same extent as if he were sued in the *locus delicti* itself. But as in other cases, there are occasions upon which the foreign *lex loci delicti* will not be enforced in the courts of the forum. These are in the main the same exceptional cases which apply to the operation of any proper foreign law. As applied to torts, they may be said to consist of (1) those cases where the 'proper law' is in direct contravention of the law or policy of the forum; (2) where the remedy prescribed for the tort by the *lex loci delicti* is penal in character; and (3) statutory torts, where the statute, in creating the liability, at the same time creates a mode of redress peculiar to that State, by which alone the wrong is to be remedied. It is not always easy to ascertain the situs of a tort, the *locus delicti,* which is to furnish 'the proper law' of the case. If the whole injury is caused by one single act, or by several acts, all of which occur in the same jurisdiction, there is no trouble, usually in locating the tort, as having its situs at the place where the injury occurs. But if the tort is committed upon the high seas, or if the cause of the injury arises partly in one State and partly in another, there is more difficulty."

If we apply these principles to the facts as admitted and stated in the verdict (third issue), the conclusion cannot be avoided that the court erred in not granting the nonsuit. We therefore sustain the first and third assignments of error, and with direction that the action be dismissed.

Reversed.