## STANDARD OIL CO. OF NEW YORK v. TAMPICO NAV. CO.

District Court, S. D. New York. January 19, 1921.

**1. Collision ⟨⟩2—Mexican statutes govern in case of collision in Mexican waters.**

In case of collision in Mexican waters, rights of parties are governed by statutes of Mexico.

**2. Evidence ⟨⟩81—Right of action in civil-law country cannot be assumed to exist merely because it exists under our law.**

Court cannot assume that, because a right of action would exist under our law, it would in a civil-law country.

**3. Limitation of actions ⟨⟩2(1)—Statute of limitation of forum, and not of place where cause of action arose, is ordinarily applied.**

The ordinary rule is to apply statute of limitations of forum and not of place where cause of action arose.

**4. Limitation of actions ⟨⟩183(1)—Answer setting up foreign statute held insufficient.**

Answer setting up statute of limitations of Mexico *held* insufficient as not showing whether it extinguished the cause of action or merely applies to the remedy.

In Admiralty. Suit by the Standard Oil Company of New York against the Tampico Navigation Company. On Exceptions to article of answer. Exceptions sustained.

Courtland Palmer, of New York City, for libelant.

Deane & Cook, of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. Libelant files exceptions to the allegations contained in the tenth article of the answer to the libel. The libel is to recover damages for a collision between a barge operated by the libelant and a tow operated by the respondent. The tenth article of the answer sets forth that the alleged collision occurred on the Panuco river, near Tampico, wholly within the territory of the republic of Mexico; that the obligations of the owners and operators of the vessels were governed by the provisions of the Commercial Code of Mexico, and by that Code an action to' recover damages must have been begun within one year after suit may have been legally brought. The answer further alleges that the libelant did not institute the present action within one year after the date of the collision.

In Smith v. Condry, 1 How. 28, 11 L. Ed. 35, the Supreme Court held that, in case of a collision between vessels in an English port, the rights of the parties depended upon the provisions of the British statute there in, force. See, also, The Cuzco (D. C.) 225 F. 169.

[1] The cause of action sought to be asserted in this case arose at the time and place of the alleged collision, and is dependent not upon principles of admiralty or common law, but upon the statutes of the republic of Mexico, a country where the civil law, with its Code system prevails. Cuba R. Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 28 L. R. A. (N. S.) 40; Slater v. Mexican National R. Co., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900; Western Union Telegraph Co. v. Brown, 234 U. S. 542, 34 S. Ct. 955, 58 L. Ed. 1457.

[2] This court cannot assume that any cause of action would exist in a civil-law country by reason of the fact that it would exist here. Cuba R. Co. v. Crosby, supra; Crashley v. Press Pub. Co., 179 N. Y. 32, 71 N. E. 258, 1 Ann. Cas. 196. If the statutes which create the right bar the right because of failure to assert it within the statutory time, this court cannot entertain an action on behalf of the injured party. Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Slater v. Mexican National R. Co., supra. In the case of Canadian Pacific Ry. Co. v. Johnston (C. C. A.) 61 F. 738, 25 L. R. A. 470, it was held that a Canadian statute purporting to extinguish a right of action for bodily injuries could not be invoked in an action brought in the United States Circuit Court for the District of Vermont, because the statute had not run, owing to the absence of the plaintiff from the Dominion of Canada, and also because, as the court said, the running of the statute appeared to be interrupted or revived by acknowledgment on the part of the obligor of the claim against it.

The provisions of the Mexican statute of limitations set up in the answer to the libel do not indicate that, if an action asserted under the Mexican statute is not brought within one year, the right, and not merely the remedy, would be barred. Moreover, some of the articles of the Mexican Code, translations of which have been handed up upon presentation of briefs, appear to indicate that the period of limitation may be interrupted, and that the remedy only is affected by the statute. The allegation in the answer that the cause of action is barred is not a statement of the Mexican law, but the mere conclusion of the pleader.

[3, 4] In view of the form in which the defense in question is set forth, I think the decision in the case of Canadian Pacific R. Co. v. Johnston, supra, governs, and the demurrer must be sustained. The ordinary rule is to apply the statute of limitations of the forum, and not of the place where the cause of action arose, so the question here is whether the provisions of the Mexican Code amount to more than an ordinary statute of limitations. If the defendant is able by virtue of the Mexican laws to plead a statutory bar to the cause of action, and not merely to the remedy, he can set this up in a new answer.

The demurrer is sustained with leave to file and serve a new answer within ten days.