## GORDON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7484.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1935.

Fred Horowitz, of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Lucius A. Buck, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

Petitioner sought relief from a deficiency tax fixed by the respondent for the calendar year 1928 in the amount of $2,614.50. The error set out in the petition for which redress is sought is as follows: "That petitioner was not permitted to divide community property income for the year 1928 with his wife but the whole of said community income was assessed against the petitioner."

The petitioner alleged that the facts upon which he relied as a basis for review were as follows: "All of the property owned by petitioner was acquired subsequent to his marriage; that during the year 1928, and pursuant to amendment of the community property laws of the state of California, and pursuant to agreement between petitioner and his wife, he divided the community income; that if effect were given to the community property laws of the state of California and to the agreement between petitioner and his said wife, there would be no deficiency in the sum of $2,614.50, or any other sum." He prayed that "he be permitted to return but one-half of the income of the community property."

The Board of Tax Appeals denied his application, and he petitions this court for a review of that decision.

It appears from the memorandum opinion of the Board of Tax Appeals that petitioner married in Canada; that at the time of the marriage petitioner had no property or funds, but that his wife received $3,000 as a gift from her parents. After marriage, "petitioner and his wife agreed that everything must be on a fifty-fifty basis"; that the business conducted by the petitioner resulted in an accumulation of over $200,000, which was brought by petitioner and his wife to California. The income in question is derived from the property thus brought to California by the petitioner and his wife. In determining the effect of the agreement between petitioner and his wife, entered into in Canada, the Board of Tax Appeals held that, in the absence of some proof as to the law of Canada, they are unable to determine the effect of the oral agreement made there by petitioner and his wife, and that they were consequently unable to determine the status of the property in Canada, and therefore that the status of the property in California depended on the law of California. In view of the failure of proof as to the ownership of the property in Canada, the Board of Tax Appeals held that it was unnecessary to determine the efficacy under the law of California of the so-called fifty-fifty agreement entered into in Canada. The petitioner testified that he made no prenuptial agreement with his wife, but that they had discussed such an agreement several times, "that everything we made was fifty-fifty. * * * My wife is against anything of that nature [prenuptial agreement] and said we would be fifty-fifty. * * *. At

the time when I arrived in California with funds from Canada, that had been accumulated since my marriage, my wife and I considered that each of us owned one-half of that at the time of our arrival in California. * * * I always found it best to run my business in my own name because otherwise it would have been a complicated and dragged out affair and my wife would have to stay always around the office. * * * I run the business in my own name. * * * The bank accounts were held in my name. * * * I had agreements with my wife, relative to the ownership of property, after we came to California. She would feel insulted if I told her she did not own one-half of what I had."

The petitioner contends that in considering the effect of his agreement with his wife made in Montreal, Canada, we should presume that the law of Canada is similar to that of California; consequently that the agreement between the spouses would control the property acquired by them. This position is not well taken. While the law of California is in the main derived from the common law, its law with relation to the property rights of husband and wife is derived from the law of Mexico, which in turn was derived from the civil law of Spain. Although primarily based upon the law of Mexico, the community property rights of the spouses are entirely statutory and have been modified from time to time by the Legislature of California. 5 Cal. Jur. 266, § 4; Roberts v. Wehmeyer, 191 Cal. 601, 218 P. 22. Therefore there is no presumption in the federal courts that the law of Canada on the subject of the rights of husband and wife are the same as the statutory law of California upon that subject. The rule in that regard is stated in an opinion of the Supreme Court by Justice Holmes, Cuba R. Co. v. Crosby, 222 U. S. 473, 479, 32 S. Ct. 132, 133, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40, as follows:

"In the case at bar the court was dealing with the law of Cuba, a country inheriting the law of Spain, and, we may presume, continuing it with such modifications as later years may have brought. There is no general presumption that that law is the same as the common law. * * * Whatever presumption there is is purely one of fact, that may be corrected by proof. Therefore the presumption should be limited to cases in which it reasonably may be believed to express the fact. Generally speaking, as between two common-law countries, the common law of one reasonably may be presumed to be what it is decided to be in the other, in a case tried in the latter state. But a statute of one would not be presumed to correspond to a statute in the other, and when we leave common-law territory for that where a different system prevails, obviously the limits must be narrower still."

See, also, Banque de France v. Chase Nat. Bank of N. Y. (C. C. A.) 60 F.(2d) 703.

We agree with the Board of Tax Appeals that the evidence is insufficient to show the status of the property brought by the petitioner to California from Canada. The petitioner, however, contends that, after arriving in California, there was another agreement or understanding between the parties sufficient under the law of California to effect a division of the property and of its income. This proposition seems to have been ignored by the Board in its decision that the property in question was the property of the petitioner. The ownership of the property was a question of fact, and we are bound by the finding of the Board of Tax Appeals as to the fact if there is any substantial evidence to support the conclusion of the Board of Tax Appeals. In that regard we find, first, that the petitioner complains of the fact that he was not permitted to divide the community income for the year 1928. This allegation assumes, and, in effect, alleges, that the property from which the income was derived was community property, otherwise it would not be community income. It is also alleged that, pursuant to the amendment of community property laws of the state of California and pursuant to an agreement between petitioner and his wife, he divided the community income. These allegations assume that the income involved was community property and not separate property of the spouses as it would be in case of a division of the property.

Community property is defined by section 164, Cal. Civ. Code, and the estate by which husband and wife holds such property is defined as "community property." Section 161, Cal. Civ. Code.

There is no allegation that the petitioner and his wife had modified their property relations as fixed by the laws of California by an agreement between them so that one-half of the property belonged to the wife. Petitioner's prayer was that he be permitted to "return but one-half of the income of the community property." In view of the allegations in the petition and the presump-

tions in favor of the finding of the Commissioner and the uncertainty as to the terms of the alleged agreement and as to the time when it was made between the husband and wife, and the fact that the property was carried in the name of the husband, it is clear that the petitioner did not sustain the burden of proof cast upon him to overcome the findings of the Commissioner. If the property was community property in California, the petitioner was required to return the whole thereof for the year 1928.

Order affirmed.