888

S. Eldridge Sampliner, of Cleveland, Ohio, for appellant.

Russell V. Bleecker, of Cleveland, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

In an action to recover damages under Section 33 of the Merchant Marine Act of 1920, Title 46 U.S.C. § 688, 46 U.S.C.A. § 688, growing out of injuries received by the plaintiff in an altercation with a third assistant engineer of the Steamer Cuyler Adams, the court below directed a verdict for the appellee on the ground that the alleged assault was not inflicted upon the appellant by an officer or member of the crew acting within the scope of his employment, or in furtherance of the business of the steamship. The appeal is from the judgment entered upon the instructed verdict.

There was but one witness to the altercation who gave evidence, and he was the plaintiff in the case. Summarized: he testified that he was a wheelsman on the steamer making a voyage from Ashtabula, Ohio, to Allouez, Wisconsin, his duties involving the steering of the boat while in transit. On October 17, 1937, while the vessel was loading at an iron ore dock at Allouez, the appellant had returned from a trip to town bringing with him a pint of whiskey which was consumed by him and other wheelsmen in their quarters, after which he went to supper in the dining room. At its conclusion he started to leave the room by means of a wooden steel covered door swinging outwardly. As he started through the door, Cope, a third assistant engineer, was on his way in. Cope was struck or "bumped" by the door, and resented it. An altercation ensued, followed by fisticuffs and a scuffle in which the appellant was injured. He further testified that during the scuffle the Chief Engineer entered the room and tripped him so that he fell with his head striking the capstan, and that when Cope first swung at him he repeatedly asserted "I am an officer of this ship; I will show you what I mean."

■ Reading the testimony in the light most favorable to the appellant, as we are required to do where the complaint is error in granting a defendant's motion for peremptory instructions, the issue to be resolved is whether there was substantial evidence to show that the injuries received by the appellant were the result of an assault by a servant of the appellee committed in the course of his employment, or while acting in the ship's business. It is conceded that, if the altercation and scuffle constituted a mere private brawl, there is no liability.

· The appellant relies mainly upon Cain v. Alpha S. S. Corporation, 2 Cir., 35 F.2d 717. The court in that case made an exhaustive study of the law bearing upon the responsibility of the owner of a ship for willful torts committed by a subordinate officer acting within the scope and course of his employment. It arrived at the conclusion that the maritime law does not differ from the common law in this respect, notwithstanding dicta in The Osceola, 189

U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760, and certain implications of the decision in Chelentis v. Luckenbach S. S. Company, 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171, and since changes in the economic notion of where loss, suffered in the course of a business, should fall, have been reflected in decisions in common law cases enlarging the responsibility of the master for injuries to his servant, the principle is equally applicable to the business of shipping. The Cain case, however, while giving full recognition to the evolving concept of a master's liability, goes no further than to hold the shipowner liable for the willful assault of a subordinate officer acting as such in the ship's business.

The facts in the case justify the reasoning and sustain the conclusion. Cain was a seaman upon the vessel and was assaulted by a subordinate officer for a breach of duty. The officer's duty was to get Cain to work, if he thought him able, and there was evidence to show that he approached Cain for that purpose, and to sustain a reasonable inference that the assault was for the purpose of compelling Cain's immediate attendance and to punish him for his tardiness in reporting for duty.

The Cain case was followed in the Second Circuit by Nelson v. American-West African Line, Inc., 86 F.2d 730, where its reasoning and conclusions were approved in a case where a boatswain having authority to call out all hands when he thought best, on leaving port or in stress of weather, ordered a seaman out on watch before it was his duty to "turn to", and, not being obeyed, struck the seaman with a wooden bench while he lay in his bunk. It appears that the boatswain was intoxicated and it was argued that the act was one of wanton tyranny on his part. Nevertheless, the court found evidence from which it might be inferred that he meant to act for the ship and not merely to justify personal vindictiveness and held that when an officer, drunk or sober, tells a man to go to his duty, it is at least in part because he supposes that some work should be done and so is acting for his master and in the business of the ship.

The cases just cited are not out of harmony with the trend of decisions. Lortie v. American, etc., S. S. Company, 9 Cir., 78 F.2d 819; Meyer v. Dollar S. S. Company, 9 Cir., 49 F.2d 1002; Bonsalem v. Byron S. S. Company, 2 Cir., 50 F.2d 114. They mark, however, the limits within which evidence has been held to warrant inference of authority, actual, asserted, or intended to be exercised by subordinate officers in the business of the ship, leading to assaults upon seamen. It may be conceded that if the references declare the true rule, little is required in the way of evidence in respect to actual or constructive authority exercised in running the ship or in maintaining discipline thereon to make imperative the submission of the issue to the jury.

■ The difficulty with the appellant's case is that there is nothing to connect Cope's assault upon him with discipline or the ship's business, or to bring it within the actual or constructive scope of his authority. The altercation had its genesis not in any act of Cope, but in that of the appellant, and Cope's response was not an unnatural, even though a misguided reaction on the part of a man of bad temper, to the appellant's clumsiness. There was no order given or disobeyed; there was no violation of duty on the part of the seaman calling for discipline. The offense, if any, that started the trouble, was to Cope and not to the ship and Cope's reaction was personal and not on behalf of the ship.

The appellant's repeated asseveration that Cope said "I am an officer", adds nothing to his case. Presumably everybody knew he was an officer. It was but a statement of the capacity in which he served the ship, and gives no support to the contention that he assaulted the appellant in the maintenance of discipline. Probably an officer might conceive a clumsy collision a greater blow to his dignity than would an ordinary seaman. It is not claimed that the Chief Engineer contributed to the assault or that what he did went beyond the expected effort of an officer on the vessel to terminate a private brawl.

The judgment is affirmed.