PITTS v. PACIFIC & A. RY. NAV. CO. et al.
No. 5897–A.

United States District Court. D. Alaska.
First Division. Juneau.
Sept. 24, 1948.

146

R. E. Robertson, of Juneau, for plaintiff.

Faulkner, Banfield & Boochever, of Juneau, for defendants.

FOLTA, District Judge.

This is an action to recover damages for the death of Rex Wade Pitts, which it is alleged was caused by the negligence of defendants, in that, while deceased was traveling over defendants' railroad in Yukon Territory with a speeder in the performance of his duties as a soldier in the United States Army, the defendants' dispatcher in Skagway allowed him to proceed beyond a certain station,

in consequence of which a train approaching from the opposite direction collided with his speeder and killed him.

Defendants have demurred to the complaint on the ground that it fails to state a cause of action and in support thereof argue that plaintiff has failed to plead the law of Yukon Territory by which the action, so far as the substantive aspects thereof are concerned, is governed, and that in any event plaintiff, as father of the deceased, is precluded from recovering damages for loss of earnings because the deceased's enlistment in or induction into the Army operated to emancipate him.

Plaintiff contends that the complaint states a cause of action under the law of the forum and that, since emancipation is not effected by an involuntary act such as drafting or induction but only by the voluntary act of the minor, the second objection is unavailable to defendants by way of demurrer.

Plaintiff apparently concedes that whether a right of action exists for wrongful death is determined by the lex loci delicti, but insists that the negligence of the dispatcher at Skagway, in informing the deceased that the track toward his destination was clear and allowing him to proceed, whereas one of its trains, approaching from the opposite direction, occupied the track and collided with deceased's speeder with fatal consequences, suffices to invoke the law of the forum.

The question presented, therefore, is whether an action for personal injuries for wrongful death is governed by the law of the place where the injury or wrong was inflicted or where the act or omission, causing the injury or death, was committed or took place. It appears to be settled that an action of this kind is governed by the law of the place where the injury or wrong was inflicted; American Banana Co. v. United Fruit Co., 213 U.S. 347, 356, 29 S.Ct. 511, 53 L.Ed. 826, 16 Ann.Cas. 1047; Sections 377, 391, Restatement, Conflict of Laws; Hunter v.

Derby Foods, 2 Cir., 110 F.2d 970, 132 A.L.R. 255; Rundell v. La Campagnie Générale Trans-atlantique, 7 Cir., 100 F. 655, 49 L.R.A. 92; Annotation, 133 A.L.R. 263–268; and that, where the place of the wrong is a foreign jurisdiction, the governing law must be pleaded. In the instant case plaintiff has failed to plead the law of Yukon Territory, and it does not appear that the complaint may be aided by any presumption for, although the Court may indulge the presumption that the common law of England is in effect in Canada and is the same as or similar to that of the forum, this would be of no avail to plaintiff in view of the fact that an action for wrongful death is unknown to the common law, and, from what the Supreme Court said in Cuba R. Co. v. Crosby, 222 U.S. 473, 479, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A.,N.S., 40, the presumption of similarity does not apply to the statutory law of a foreign country. 20 A.J. sec. 179, Evidence; Annotation 67 L.R.A. 60.

Accordingly, the Court is of the opinion that the demurrer must be sustained on the first ground. This makes it unnecessary to determine whether emancipation may be inferred from the allegations of the complaint.