## SUPINE v. COMPAGNIE NATIONALE AIR FRANCE.

## JUDGE et al. v. COMPAGNIE NATIONALE AIR FRANCE.

Civ. A. Nos. 11726, 11780.

United States District Court
E. D. New York.

Sept. 28, 1951.

Hale, Stimson & Russell, New York City, John S. Russell, Jr., Jon O'Brien, New York City, of counsel, for plaintiffs.

Foley & Statt, New York City, Milton James, New York City, of counsel, for defendant.

GALSTON, District Judge.

The defendant in these two actions has moved to dismiss the complaints, each of which embraces three causes of action. One opinion will dispose of both motions.

The actions stem from the following facts:

On or about October 28, 1949, an Air France plane, en route from Paris, France, to New York, New York, crashed on the Island of San Miguel, Azores, Republic of Portugal. All occupants of the plane were killed, including the plaintiffs' testators.

The complaint in the Supine action alleges that letters testamentary were issued to her by the Surrogate's Court of Kings County, and she is duly qualified as execututrix of the last will and testament of the decedent. She alleges that the action is brought on behalf of herself and his two children, Hope and Joy Supine, as the survivors and next of kin of the deceased. The Compagnie Nationale Air France was organized under the laws of the Republic of France and was engaged in the business of transporting passengers between different parts of the world, including Paris and New York, and is engaged in business in the State of New York, being duly organized and licensed to do so. Jurisdiction is therefore based on diversity of citizenship and a claim in controversy in excess of $3000.

In the first cause of action, the crash of the aircraft and the resulting death of Edward I. Supine is alleged to have been caused solely by the negligence of the defendant.

The second cause of action, after repeating essential paragraphs of the first cause of action, alleges that the crash was caused by the "wilful misconduct and gross negligence of the defendant".

The third cause of action repeats and realleges Paragraphs 1st through 12th of the first cause of action, and alleges that at all times mentioned the law of Portugal was that where a passenger in a means of transport dies as the result of injuries sustained within the jurisdictional limits of the Republic of Portugal, which arise out of the maintenance, operation or control of the means of transport involved, the owners shall be "liable to the estate, the dependents and the next of kin of said passenger for all material, monetary and moral damages, unless they or each of them prove and establish that the accident and the injuries and damages resulting therefrom were not due to their fault or negligence, or that they and each of them has taken all necessary measures to avoid the damages, or that it was impossible for them to take such measures".

The grounds of the motions to dismiss these causes of action are based on the allegation that no statutory authority to prosecute a death action is alleged as to the first and second causes of action; that no foreign law as to a negligence claim is alleged as to the first and second causes of

action; that the applicable International Convention is not alleged, and for failure to join indispensable parties plaintiff. In regard to the third cause of action, it is charged that there is failure to join indispensable parties plaintiff and that the applicable International Convention is not alleged.

It is important in reading the pleading attacked to appreciate that though there are three causes of action set up, they may readily be reduced to the claim enuring, as alleged in Paragraph 18th of the complaint, "to the estate, the dependents and the next of kin" of the passenger killed in the catastrophe. The only difference between the first cause of action and the second cause of action is that the former alleges the negligence of the defendant, whereas the second cause of action alleges the wilful and gross negligence of the defendant.

■ Rule 8 (e) (2) of the Rules of Civil Procedure, 28 U.S.C.A., permits a party to set forth two or more statements of a claim alternately or hypothetically, either in one count or in separate counts. Also the allegation that the right of action in a death case renders the wrongdoer liable "to the estate, the dependents and the next of kin", though set forth only in Paragraph 18th of the third cause of action, may likewise be read into the first and second causes of action as a statement of the law governing the claim of action. The alleged wrong having occurred outside the State of New York, under the rule established in Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, this court must apply the Conflict of Laws rules of New York in determining the existence of a right of action. The rule in New York accords with the general Conflict of Laws rule that the law of the place where the injuries were caused determines the existence of a right of action for wrongful death, Royal Indemnity Co. v. Atchison, Topeka & Santa Fe Ry. Co., 272 App.Div. 246, 70 N.Y.S.2d 697, affirmed without opinion 297 N.Y. 619, 75 N.E.2d 631. It is entirely proper for the defendant to argue that foreign law is a matter of fact which must be pleaded and proved, Liverpool & Great Western Steam Co. v. Phenix Insur-

ance Co., 129 U.S. 397, 445, 9 S.Ct. 469, 32 L.Ed. 788; Cuba Railroad Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274. Literally applied, the first and second causes of action would therefore fail, since there is no allegation in either as to what the law of Portugal is in a death action of this kind. However, it would be over-technical to dismiss these causes for that reason, since, as I have indicated, in Paragraph 18th of the complaint there is a statement as to the law of Portugal. This is particularly applicable in view of Rule 8, subdivision (f), of Rules of Civil Procedure, which requires that "All pleadings shall be so construed as to do substantial justice".

■ As to the contention of the defendants that the Warsaw Convention should be alleged in the complaint as part of the plaintiffs' case, the defendant concedes that the Warsaw Convention created no new substantive rights, and that an action for damages for wrongful death is still dependent on the lex loci. Consequently it is not part of the "claim" upon which the plaintiffs seek relief. For the purposes of this motion, therefore, the failure to allege the Warsaw Convention is not a ground for dismissing the complaints.

■ The serious part of defendant's motion though is that it relates to a failure to join indispensable parties. The law of New York, in accordance with the prevailing general rule, holds that the lex loci determines to whom the right of action is given, Wooden v. Western N. Y. & P. R. Co., 126 N.Y. 10, 26 N.E. 1050, 13 L.R.A. 458. As noted hereinbefore, in the complaint it is alleged that the plaintiff "brings this action on behalf of the survivors and next of kin of the deceased * * *". Unfortunately these actions are brought by the executors of the estates of the decedents, and Rule 10, subdivision (a), of Rules of Civil Procedure, requires that every pleading shall contain a caption which "shall include the names of all the parties". The complaints on their face fail to comply with this rule. Of course, it may be that under the lex loci, i. e., laws of Portugal, the executors may bring these actions for the benefit of all concerned. But the complaints do not make any such allegation in respect to the

law of Portugal. It is true that Rule 17 (a) recites that every action shall be prosecuted in the name of the real party in interest, "but an executor * * * may sue in his own name without joining with him the party for whose benefit the action is brought". That provision, however, in the light of Paragraph 18th of the complaint does not excuse the failure to join the dependents and next of kin of the deceased as necessary parties. Accordingly the motions to dismiss the complaints will be granted, without prejudice, however, to any of the parties in interest, and with leave to file amended complaints within thirty days from the entry of the orders on these motions.