## ROSENTHAL et al. v. COMPAGNIE GENERALE TRANSATLANTIQUE.

United States District Court
S. D. New York.

March 3, 1953.

1. See V. O. Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55; Worth v. Trans World Films, D.C., 11 F.R.D. 197.

Robert L. London, New York City, for plaintiffs.

Foley & Statt, New York City (Milton James, New York City, of counsel), for defendant.

WEINFELD, District Judge.

Various motions are before the Court in this action by a passenger to recover damages for injuries sustained on the defendant's vessel, the S. S. Liberte, in a storm on November 26th, 1950, during a crossing of the Atlantic from Le Havre, France, to New York. The complaint charges negligence; the passenger sues for personal injuries and her husband for loss of services.

I first consider the defendant's motion to dismiss the complaint. It is made on the ground that the defendant is a French corporation, the S. S. Liberte flies the French flag, the passage ticket embodying the contract of passage was bought and issued in France and provides that it is to be governed by French law, and the accident occurred while the vessel was on the high seas. The defendant contends that, in this situation, it was incumbent on the plaintiffs to plead the applicable law of France and that the failure to do so constitutes a vital defect rendering the complaint subject to dismissal.

▇ I cannot accept the thesis so advocated by the defendant. Rather, the rule seems to be that a plaintiff asserting a rudimentary right generally recognized in civilized countries may assume like recognition in the applicable jurisdiction and need not affirmatively allege the existence of the right and the imposition of liability for its violation.[1] The complaint is, therefore, sufficient and the motion to dismiss is denied.

▇ The fifth and sixth defenses in the answer in effect take the same ground. The complaint here alleges a conventional cause of action for negligence and the presumption is warranted that recovery could be had on such cause of action under the laws of France and the burden of alleging and proving to the contrary, if such be the fact, is upon the defendant.[2] The plaintiffs' motion to strike these defenses for insufficiency is granted.

The plaintiffs have also moved to strike the third and fourth defenses.

▇ The third defense pleads the following provision of the passage contract:

"The Carrier shall not be liable for loss, death or delay of, or injury to, any passenger * * * arising from the Act of God * * * perils of the sea, harbors, rivers, or other navigable waters * * * faults or errors in navigation or management of this or any other vessel, explosions, bursting of boilers, breakage of shafts or any defect or unseaworthiness in hull, machinery, or appurtenances of the vessel or tender or any defect of the Carrier's premises, at whatever time existing; or for the quality, nature or consequences of medical or surgical treatment; or for any loss or damage caused by * * * deviation * *; or for any act, omission, fault or negligence of this or any other passengers; or for any cause beyond the reasonable control of the Carrier, whether or not of the kinds herein before enumerated. * * *"

The answer alleges that the injuries and damages, if any, fall within one or more of the excepted provisions, and that the defendant is not liable therefor. The

---

1. Cuba R. R. Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274; Jansson v. Swedish American Line, D.C., 89 F.Supp. 557, reversed on other grounds, 1 Cir., 185 F.2d 212; Compagnie Generale Transatlantique v. Rivers, 2 Cir., 211 F. 294, certiorari denied 232 U.S. 727, 34 S. Ct. 603, 59 L.Ed. 817.

2. Iafrate v. Compagnie Generale Transatlantique, D.C., 106 F.Supp. 619, 622, is not applicable, since there the plaintiff attempted affirmatively to plead foreign law but failed to set forth its substance.

plaintiffs argue that the clause relied on purports to relieve the defendant of liability for negligence, in defiance of the statutory prohibition against limiting liability for negligence, and thus violates our public policy.[3] The defendant, however, disclaims any intention to read into the clause exoneration from liability for negligence and concedes that it would not defeat plaintiffs' right to recover if they established negligence on the part of the defendant. It acknowledges that the causes as to which exemption for liability is granted are those "causes not due to the carrier's negligence or fault."

Notwithstanding such concession, the defendant urges that the defense be permitted to stand because of "the possibility that suit can be brought for, or changed to, breach of implied contract of safe carriage." Plaintiffs, however, state that their complaint rests, and so it appears, upon allegations of negligence and, accordingly, urge that the defense is superfluous. I agree. Should plaintiffs' attempt to assert a claim which is subject to the defense, defendant will be free to advance it. The motion to strike the third defense is granted without prejudice to defendant's right in the event plaintiffs proceed upon any theory other than negligence.

■■■ The plaintiffs move further to strike for insufficiency the fourth defense, which sets up a $500 liability limitation. This limitation obviously violates the statute which prohibits a limitation beyond a stipulated amount and declares it to be "against public policy" and "null and void and of no effect."[4] The question remains whether the statutory prohibition extends to this case, where we have a steamship ticket sold to a citizen and resident of the United States in France by a French corporation for passage on a French vessel and the accident occurs on the high seas. There does not appear to be a ruling on the question which may be regarded as authoritative.[5] In this situation, the preferable course is not to make a definitive ruling on the pleadings, but, rather, to defer determination until a complete record can be made on the trial. The full development of the facts by trial may conceivably have a bearing on the solution of the problem and since there can, in no event, be an appeal from a present decision, neither party will be prejudiced by not deciding the question on the pleadings. Accordingly, the motion to strike the fourth defense is denied and the defendant may present it at the trial, but the question of its sufficiency is reserved.

There remains for disposition the two items left open on the discovery and inspection application.

■■ Item 1(d), which seeks the weather reports and storm warnings received by the S. S. Liberte from on and/or about November 21st, 1950 to and including November 26th, 1950, is granted. The statement that all "radio messages and logs must be turned over to a French Communications Authority"—a private corporation —does not mean that they are not available to, or under the control of, the defendant. In view of the allegations as to the events which preceded the accident, good cause has been shown.

■■ As to the photographs, plaintiffs' attorney has indicated he will accept the photographs to be furnished by the defendant, subject to the Court's determination that they are satisfactory for the purposes intended, and the order to be entered may so provide.

All other items are disposed of as indicated upon the argument of the motion.

Settle order on notice.

3. R.S. § 4283B, 46 U.S.C.A. § 183c.

4. R.S. § 4283B, 46 U.S.C.A. § 183c.

5. See Black Diamond S. S. Corp. v. Robert Stewart & Sons, 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754; Maynard v. Eastern Air Lines, 2 Cir., 178 F.2d 139, 13 A. L.R.2d 646.