## LIECHTI v. ROCHE.

### No. 13597.

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Charles E. Ramirez, Ancon, Can. Z., for appellant.

Donald J. McNevin, Ancon, Can. Z., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The appellee, Helen M. Roche, plaintiff in the District Court, recovered a judgment against the appellant, Amy A. Liechti, defendant below, upon the verdict of a jury for the following separate sums: $40.00 for clothing, $192.00 for lost wages, and $2,000.00 for pain and suffering, all as damages sustained as the result of a collision between an automobile in which the plaintiff, appellee, was a passenger and another automobile driven negligently by the defendant, appellant, on the Boyd-Roosevelt Highway in the Republic of Panama. The appellant complains particularly of the item of damages of $2,000.00 for pain and suffering, and insists that the District Court should have left for the jury's determination the question of whether, under the law of Panama, damages suffered as a consequence of pain and suffering were recoverable.

In her complaint the plaintiff sought recovery by virtue of the laws of the Republic of Panama including Article 1644 of the Civil Code effective July 1, 1917, providing as follows:

"Art. 1644. He who by act or omission, causes damage to another because of his own fault or negligence, is obliged to repair the damage caused."

The meaning of the word "damage" as used in that Article was vigorously contested by the expert witnesses for the plaintiff and the defendant. On behalf of the plaintiff, Dr. Manuel Mendez, lawyer and

Professor of Political Science and Law at the University of Panama, testified in part as follows:

"Such damages which are more or less of an intangible nature, that you cannot specifically point your finger to and say, 'They're worth exactly this much' as you could in the case of a loss of wage, wages of earning, are called, are now known by the name of moral damages. Article 1644 in its present wording, that the person who causes damage to another is obliged to repair it, is to my understanding broad enough to cover moral damages. However, the Courts in Panama as a matter of practice, as yet have not awarded moral damages, though there is at present— but that does not concern this case—a case in which the matter is fully debated. But coming back to the factual situation, there are not either, on the other hand, to my knowledge, three uniform decisions of the Supreme Court of Panama which would make it completely binding and obligatory to the Courts not to give moral damages, so that if this action were brought in this year in the Republic of Panama, or in the year of 1948, that doesn't necessarily mean that the Courts would necessarily have to omit awarding moral damages. They have as a matter of practice not been awarding moral damages, but to my understanding of the

law of the Republic of Panama, they are not absolutely bound or obligated. And as I said, all the more so is the fact that at present there is a case before the Superior Court, not yet before the Supreme Court, which involves this very question of moral damages."

On behalf of the defendant, Dr. Felipe Tapia C., whose qualifications as a lawyer practicing in the Republic of Panama were admitted, testified:

"We have made a legal distinction between material damages and moral damages. Material damages refer to actual physical injury to person or property. Moral damages refer to suffering, anguish, and damages of a physic character."

. Dr. Tapia C. produced a four volume work entitled "Jurisprudence of the Supreme Court of Justice" by Manuel Herrera, a former Supreme Court Justice of the Republic of Panama, in which Dr. Tapia C. stated that there were references to four precedents of the Supreme Court of Panama to the effect that there is no right to so-called moral damages. The actual decisions or copies of the opinions appeared not to have been published and were not produced.

The defendant requested the court to submit the issue to the jury requesting, among others, written instructions Nos. 3, 4, 5 and 6 set out in the margin.[1] The court refused

---

1. "Instruction No. 3:
"The jury is instructed that in order to obtain a verdict in her favor, the plaintiff must prove the existence of a law of the Republic of Panama by virtue of which defendant is liable to the plaintiff. The existence or nonexistence of any law of the Republic of Panama is a fact, and it is the function of the jury to determine whether or not such a fact has been proved by the evidence."
"Instruction No. 4:
"The jury is instructed that, once having found from the evidence the facts as to the existence, and content, of any law of the Republic of Panama, you are to be governed by such findings in arriving at your verdict. If you find from the evidence that the law of the Republic of Panama, as of August 18th, 1949, did

not provide for the compensation of a plaintiff for damages suffered as a consequence of pain and suffering, then in your verdict, if that verdict be for the plaintiff, you may not award the plaintiff any damages for pain and suffering."
"Instruction No. 5:
"The jury is instructed that in order to find for the plaintiff, the plaintiff must convince the jury by a preponderance of the evidence of the truth of the essential facts upon which his cause of action is based. A preponderance of the evidence, means, by the greater persuasive force thereof, and not the greater volume thereof, or the greater number of witnesses testifying thereto."
"Instruction No. 6:
"The jury is instructed, if they should find for the plaintiff, that only such dam-

to give the instructions requested, and to the contrary instructed counsel for both parties in their arguments before the jury "not to make any reference to any law other than the law embodied in the instructions as given by the court, and that they shall not refer to what the Panama law is or any other law, other than that embodied in such instructions." The court instructed the jury in part as follows:

"If you find for plaintiff, and if you believe that plaintiff was injured as a result of the accident referred to in the evidence, and if you believe that by reason of such injuries, if any, she was caused to and did suffer any physical pain, then you will award her such sum in money as you believe from the evidence will fairly and reasonably compensate her for any such pain and suffering, if any."

Upon this appeal the matters complained of are succinctly set forth in the appellant's specifications of errors as follows:

"In failing to instruct the jury as set forth in defendant's (appellant's) proferred instructions 3, 4, 5 and 6, and in instructing the jury as it did, the Court erred because it failed to instruct the jury on:

"1. The necessity of finding the existence of a law of the Republic of Panama in force and effect on August 18, 1949, by virtue of which:

"a) Defendant's (appellant's) liability could be predicated,

"b) The damages could be measured if liability were established.

"2. Interpretation of the aforesaid laws of Panama, if found to exist and identified."

Several applicable principles of law are too well settled to admit of serious dispute. The court is called upon to enforce a cause of action that has arisen under and been created by the law of the Republic of Panama, Cuba R. R. Co. v. Crosby, 222 U.S. 473, 478, 32 S.Ct. 132, 56 L.Ed. 274. The

measure of damages, as well as the right to recover, is governed by the *lex loci delictus*, Western Union Telegraph Co. v. Brown, 234 U.S. 542, 547, 34 S.Ct. 955, 58 L.Ed. 1457; Slater v. Mexican National R. R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. Neither the District Court nor this Court takes judicial notice of the laws of the Republic of Panama but such foreign laws must be pleaded and proved as facts, Cuba R. R. Co. v. Crosby, 222 U.S. 473, 479, 32 S.Ct. 132, 56 L.Ed. 274; Mexican Central Railway Co., Ltd. v. Chantry, 5 Cir., 136 F. 316, 322.

There is considerable controversy whether the proof of foreign law should be addressed to and the state of the foreign law determined by the court or by the jury, 53 Am.Jur., Trial, Sec. 241. The cases on the subject are collected in annotations in 34 A.L.R. 1447 and 68 A.L.R. 809. Professor Wigmore states that, " * * * the only sound view, either on principle or on policy, is that it (foreign law) should be proved to the judge, who is decidedly the more appropriate person to determine it". 9 Wigmore on Evidence (3d ed.) Sec. 2558. In a footnote to that text Professor Wigmore continues: "The decisions seldom lay down either rule absolutely, owing in part to the desire to retain the principle of the Court's construction of documents * * * while recognizing the jury's function of crediting the evidence; but there is no necessity here for conceding anything to the latter; * * *."

This court in Mexican National R. R. Co. v. Slater, 5 Cir., 115 F. 593, 608, affirmed in 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900, used the following language:

"The deposition of the witness having been offered to prove as a fact the law of the foreign country, was addressed to the judge to aid him in his rulings during the progress of the trial, and in giving his instruction to the jury; and, if he erroneously refused to receive and consider it, it is still such proof of the foreign law offered in the trial court

ages as have been proven by the evidence as having been sustained by the said plaintiff, and which damages are provided

for by the laws of the Republic of Panama, may be awarded the plaintiff."

that it can be taken judicial notice of by this court on writ of error."

In Eastern Building & Loan Ass'n v. Williamson, 189 U.S. 122, 126, 23 S.Ct. 527, 529, 47 L.Ed. 735, the Supreme Court speaking through Mr. Justice Brewer said:

"While statutes and decisions of other states are facts to be proved, yet when proved their construction and meaning are for the consideration and judgment of the courts in which they have been proved. Nor is the rule changed by the testimony given in the deposition of defendant's counsel, for, as he states, his opinion is based on the statutes, the articles of incorporation, and the decisions admitted in evidence, together with similar decisions of other states under like statutes, articles of incorporation, and by-laws. No witness can conclude a court by his opinion of the construction and meaning of statutes and decisions already in evidence. Laing v. Rigney, 160 U.S. 531, 16 S.Ct. 366, 40 L.Ed. 525. The duty of the court to construe and decide remains the same."

In Finney v. Guy, 189 U.S. 335, 342, 23 S.Ct. 558, 560, 47 L.Ed. 839, the Supreme Court speaking through Mr. Justice Peckham says:

"Although the law of a foreign jurisdiction may be proved as a fact, yet the evidence of a witness stating what the law of the foreign jurisdiction is, founded upon the terms of a statute, and the decisions of the courts thereon as to its meaning and effect, is really a matter of opinion, although proved as a fact, and courts are not concluded thereby from themselves consulting and construing the statutes and decisions which have been themselves proved, or from deducing a result from their own examination of them that may differ from that of a witness upon the same matter. In other words, statutes and

decisions having been proved or otherwise properly brought to the attention of the court, it may itself deduce from them an opinion as to what the law of the foreign jurisdiction is, without being conclusively bound by the testimony of a witness who gives his opinion as to the law, which he deduces from those very statutes and decisions."

In the recent case of Jansson v. Swedish American Line, 185 F.2d 212, 216, the First Circuit speaking through Chief Judge Magruder said:

"Incidentally, such a question of foreign law, though commonly stated to be one of fact, is for the court, not the jury. Wigmore on Evidence (3d ed. 1940) § 2558."

We conclude that it was the judge's function to determine the state of the foreign law, and hence that the District Court did not err in declining to submit to the jury the issue of whether compensation for pain and suffering was recoverable as damages under Panamanian law, and did not err in refusing the defendant's proffered instructions 3, 4, 5 and 6.

As to whether the District Court correctly instructed the jury on the measure of damages under the law of Panama, we are not called upon to decide. While that court's finding as to the law of the foreign state is subject to review by this Court,[2] counsel for the appellant has planted himself so firmly upon the contention that it is the province of the jury and not of the court to determine the existence and content of the *lex loci delictus* that he has failed to specify as error or to argue that the foreign law is actually contrary to the court's instructions to the jury. Thereby, we are relieved of the difficult task of determining what in truth is the law of the Republic of Panama as to such measure of damage.

The judgment of the District Court is Affirmed.

---

2. See Mexican National R. R. Co. v. Slater, 5 Cir., 115 F. 593, 608; Smith v. Blinn, 221 Ala. 24, 26, 127 So. 155, 157.