**Heber Henry HARRIS, Plaintiff,**

v.

**AMERICAN INTERNATIONAL FUEL AND PETROLEUM COMPANY, a Corporation, Defendant.**

**Civ. No. 12425.**

United States District Court
W. D. Pennsylvania.

Oct. 7, 1954.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Russell G. Connolly, and Irwin W. Coleman, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action for damages based on negligence. The motion for a more definite statement is directed to a complaint in which the cause of action arose in the Republic and/or Country of Italy.

The measure of damages as well as the right to recover must be governed

by the lexi loci delictus or the law in the Province and/or Country of Italy. Liechti v. Roche, 5 Cir., 198 F.2d 174; Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212, 30 A.L.R.2d 1385.

It is contended the complaint does not allege the cause of action of the plaintiff with sufficient definiteness and particularity to enable the defendant to prepare a pleading or to prepare for trial for two reasons:

(1) The circumstances under which the defendant owed any liability to plaintiff have not been set forth.

(2) The plaintiff has failed to plead the law of the Republic and/or Country of Italy.

As to the first contention, the complaint does not set forth with absolute definiteness the conditions under which the defendant owed any obligation to the plaintiff and it is necessary to infer responsibility from a reading of the complaint.

In view thereof, the plaintiff will be directed to set forth the conditions and circumstances under which the defendant corporation furnished the trucks, materials, supplies and truck drivers to operate the trucks of the defendant and for whom said service was being furnished.

The law of the foreign country is not set forth in the complaint, and the court cannot take judicial knowledge of the law of said foreign country, and it must be pleaded and proved as facts. Liechti v. Roche, supra; Jansson v. Swedish American Line, supra.

At the time of pretrial and/or trial, it will be the function of the trial judge and not the jury to determine the state of the foreign law from proof presented on such issue if the foreign law becomes in dispute. Liechti v. Roche, supra; Jansson v. Swedish American Line, supra.

In order to avoid technical objection at the time of trial, it is suggested that one of three courses be followed by the parties in submitting proof as to the law in said foreign country:

(a) A stipulation be entered into by the parties as to the foreign law which applies to the proceeding.

(b) Experts who are informed as to the law of said foreign country may be called to testify.

(c) Depositions of persons qualified to testify as to the foreign law may be taken as provided by the Federal Rules of Civil Procedure.

An appropriate Order is entered.