**Herbert Miles HARRISON, Plaintiff,**

v.

**UNITED FRUIT COMPANY,**
**Defendant.**

United States District Court
S. D. New York.

May 18, 1956.

David Haar, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, Eugene Underwood, William

M. Kimball, Gerard Harrington, Jr., New York City, of counsel, for defendant.

LEVET, District Judge.

The defendant has moved to dismiss the complaint in this action to recover damages for personal injuries allegedly sustained as a result of an airplane accident in the Republic of Honduras. The grounds for the defendant's motion are: (1) the doctrine of forum non conveniens, to wit, the forum selected is inappropriate and oppressive; and (2) that the prosecution of this action in New York would impose an unconstitutional burden on commerce.

The plaintiff is a British subject and a resident of Seattle, Washington. The defendant is a corporation organized and existing under the laws of the State of New Jersey. The defendant has a place for the transaction of business in the Southern District of New York. The plaintiff alleges that he was employed by the defendant and assigned to render services in its Tropical Banana Division located in Honduras, and that he was thereafter assigned to continue his services under the supervision and direction of the general manager of Tela Railroad Company, alleged to be a wholly-owned subsidiary and agent of the defendant in Honduras. The plaintiff also alleges that while in the employ of the defendant he was a passenger in an airplane which was piloted by an employee of Tela Railroad Company and that Tela Railroad Company owned such plane as agent for the defendant. The flight was between Tegucigalpa, D. C. and La Lima, both of which places are located in Honduras. The plaintiff contends that the pilot "wilfully violated the flight security rules of the Civil Air Transport Rules of Honduras then in effect, in that he flew the said airplane at a lower altitude than that required for safety" as prescribed in said rules, and that as a result of the alleged negligent operation of said airplane, it crashed to the ground, causing injuries to the plaintiff.

Prior to 1948, the doctrine of forum non conveniens required the dismissal of an action which was commenced in an inappropriate forum. The harshness of this result was recognized by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, where it was stated that the application of the doctrine by a Judge is a matter of discretion and that in the exercise of such discretion the plaintiff's choice of forum should rarely be disturbed unless the defendant was strongly prejudiced thereby. In 1948, an attempt was made to ameliorate the harshness of the doctrine by the enactment of Section 1404 (a) of Title 28 U.S.C.A. This section provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■■ As a consequence of the aforesaid enactment, the Courts have universally held that if the forum is found to be inconvenient the remedy now is transfer and not dismissal, as formerly. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S. Ct. 544; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207; Collins v. American Automobile Insurance Co., 2 Cir., 1956, 230 F.2d 416. However, a transfer is not possible where it is alleged, as in this case, that the appropriate forum is in a foreign country. Therefore, if plaintiff's choice of forum is inappropriate, this action must be dismissed.

■ Plaintiff's action hinges to a great extent upon the question of whether the relationship between the defendant and Tela Railroad Company is one of principal and agent, as alleged in the complaint. For the answer to this question, the plaintiff contends that he will require witnesses and documents, some of which are located in this district. The defendant's directions to the alleged agent in Honduras are claimed to have originated from the defendant's offices in this country. Subsequent to the acci-

dent the plaintiff was examined by the defendant's doctor at its office in New York. The defendant conducts its business in New York. Under these circumstances, this Court is reluctant to hold that a resident of the United States must go to a foreign country in order to seek redress for an alleged wrong. That there may be difficulty in determining the law of Honduras should not and does not constitute an insurmountable obstacle. In Burt v. Isthmus Development Co., 5 Cir., 1955, 218 F.2d 353, the Court said:

"There are, no doubt, difficulties in attempting to determine and apply foreign law; but the necessity to do so often occurs. The federal courts in diversity cases often encounter difficulty in determining the law of the very state in which they sit. See, for example, Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303. In such cases, the rules of the foreign law and their interpretation are simply questions of fact, and the conclusion is as reviewable as any other fact issue. See Liechti v. Roche, 5 Cir., 198 F. 2d 174; Daniel Lumber Co. v. Empresas Hondurenas, S. A., 5 Cir., 215 F.2d 465. A different situation might be presented if the federal court were being asked to enforce some equitable or otherwise unusual relief peculiar to the foreign law, but here the appellant is simply seeking a money judgment which, so far as the record shows, can be executed against appellee in Texas. The fact that success or failure depends upon the law of Mexico does not, of itself, justify dismissal." 218 F.2d at page 357.

The defendant's contention that the litigation of this action in New York imposes a burden on commerce does not appear to be supported by the authorities. See Moss v. Atlantic Coast Line Ry. Co., 2 Cir., 1946, 157 F.2d 1005; Brown v.

Canadian Pac. Ry. Co., D.C.W.D.N.Y. 1938, 25 F.Supp. 566.

Defendant's motion to dismiss the complaint herein is denied.

Settle order on notice.