**Ruth Nodine BRIDGEMAN, Executrix of the Estate of Wesley Harmon Bridgeman, Plaintiff,**

v.

**John S. BRADSHAW, M. D., Defendant.**

Civ. A. No. 75–53.

United States District Court, D. South Carolina, Spartanburg Division.

Nov. 25, 1975.

Paul R. Hibbard, Spartanburg, S. C., for plaintiff.

Harry DuMont, Uzzell & Dumont, Asheville, N. C., J. Bruce Foster, Spartanburg, S. C., for defendant.

## SUPPLEMENTAL ORDER ON MOTION TO CHANGE VENUE

HEMPHILL, District Judge.

On May 16, 1975, the defendant, John S. Bradshaw, through counsel moved this court, under the provisions of 28 U.S.C. § 1404(a)[1] to transfer this action for the convenience of the parties and witnesses, and in the interest of justice, from the United States District Court for the District of South Carolina, Spartanburg Division, to the United States District Court for the Western District of North Carolina, Shelby Division, where the action allegedly could have been brought initially. Various grounds in support of the motion were positioned, all of which were later considered by the court. After hearing the motion, on October 17, 1975, this court published its order holding in abeyance its final decision in order to allow the parties to submit additional affidavits, factual material, etc., in support of their respective positions. This was done, and, on the 19th day of November, 1975, counsel again appeared, calling attention of the court to the various affidavits which had been filed in the interim.

The original complaint in this action was filed January 31, 1975, and is what is known as a "wrongful death action"[2] brought by plaintiff as representatives of herself and the minor children of her late husband, the intestate, for damages arising out of the alleged malpractice of the defendant in the treatment of the deceased. This is, of course, a diversity action,[3] as deceased was admittedly a resident of the State of South Carolina and defendant admittedly a resident of North Carolina. Pleadings in the file reveal that the services performed by the defendant for the deceased occurred in connection with surgery and/or treatment at St. Luke's Hospital near Tryon, North Carolina. Tryon is in the Shelby Division of the United States District Courts for the Western Division of North Carolina. The difference in the distance between Tryon and Greenville, and Tryon and Rutherfordton[4] is minimal, so the distance is insignificant here, and not controlling. *Leesona Corp. v. Duplan Corp.*, 317 F.Supp. 290 (D.R.I. 1970); *Thomas v. U. S. Lines*, 371 F.Supp. 429 (D.Pa.1974); *Banachowski v. Atlantic Refining Co.*, 84 F.Supp. 444 (D.N.Y.1949).

Affidavits in support of and opposed to the motion can be briefly summed up as follows:

(a) Movant presents the affidavit from Louise A. Thompson, fulltime medical record librarian at the hospital in Columbus, a resident of Tryon, who avers that if she were called as a witness, Rutherfordton would be more convenient than Greenville and would require less time away from her work at the hospital than if she were called to Greenville.

(b) Movant's affidavit by Howard J. Spika, Administrator of St. Luke's Hospital, whose affidavit is almost identical to that of Louise A. Thompson.

1. 28 U.S.C. § 1404 provides: Change of venue

   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. S.C.Code Ann. § 10–1951 (1962) provides: Civil action for wrongful act causing death.—Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative.

3. 28 U.S.C. § 1332.

4. Rutherfordton is the nearest federal courthouse.

(c) Movant's affidavit of Nancy Owens, nurse and fulltime secretary of defendant, who prepared the Preadmission Information form for the admission of the deceased to the hospital, and who says that Rutherfordton would be more convenient.

(d) The affidavit of defendant avers that he is a fulltime practitioner at Tryon, where he resides, and it would require less time away from his medical practice to have the trial in Rutherfordton.

(e) Movant's affidavit of Connie Wilson, registered nurse at St. Luke's Hospital, who lives at Coopers Gap, North Carolina, and who apparently kept the Nurses' Notes Record for the deceased and who says it would be more convenient for her to attend the trial in Rutherfordton.

(f) Movant's affidavit of Beulah Foster, a Licensed Practical Nurse at the hospital, who knows about the Medication Administration Record of Bridgeman at the hospital, and who avers that it would require less time away from her work at the hospital if the trial were at Rutherfordton.

(g) Movant's affidavit of Elsie Fuller, a Licensed Practical Nurse, also familiar with the medical administration record and medication records of the hospital, who avers that it would be more convenient for her to attend trial in Rutherfordton.

(h) Movant's affidavit of Lydia Schroyer, a Licensed Practical Nurse whose name appears in the Nurses' Notes Record of the hospital as concerns the late Bridgeman, who avers that it would take less time from her work at St. Luke if the trial occurred in Rutherfordton.

(i) Movant's affidavit of Joshua F. B. Camblos, medical doctor in Asheville, who, at defendant's request, has reviewed the medical records relating to this action and who avers that if he is called to testify, it would be more convenient for him to appear in Rutherfordton.

To counter this, plaintiff has filed the following:

(j) Plaintiff's affidavit that she lives at Landrum and that it would be more convenient for her to attend court in Spartanburg than in Rutherfordton, N. C.[5]

(k) Plaintiff's affidavit of Charles Bridgeman, son of deceased who says he thinks that it is easier and quicker to come to Spartanburg than to Rutherfordton.

(l) Plaintiff's affidavit of Dr. J. F. Miller, who claims he was Bridgeman's physician for a number of years and who says Spartanburg would be more convenient.

(m) Plaintiff's affidavit of Dr. K. T. Noell, a doctor at Durham, who states it would be more convenient to fly to Greenville-Spartanburg Airport and to attend at Greenville than to attend trial at Rutherfordton.

It thus appears that three of the affidavits of plaintiff show that witnesses live at Landrum, S. C., and one indicates residence in Durham, N. C., whereas the potential witnesses for the defendant live at Asheville, Lake Lure, Mill Spring, Columbus, and Tryon, in North Carolina, and in one case, in South Carolina at Landrum.

There is no doubt that the Shelby Division of the Western District of North Carolina is a proper division for transfer under 28 U.S.C. § 1404(a) because the defendant is a resident of Tryon, North Carolina, which is in the Shelby Division. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

There is no doubt that this case arises under North Carolina law; in fact, it was admitted at the hearing before this court. Even if this court were to have difficulty in construing the law, however, that alone is not sufficient to justify the transfer. *Monsanto Co. v.*

---

5. By virtue of a pretermission in South Carolina, all cases in the Spartanburg Division are tried at Greenville, South Carolina.

*United Gas Pipeline Co.,* 360 F.Supp. 1054 (D.D.C.1973); *Breindel v. Levitt & Sons,* 294 F.Supp. 42 (D.N.Y.1968), but it is a factor to be considered. *Grubs v. Consolidated Freightways, Inc.,* 189 F.Supp. 404 (D.Mont.1960); *Morgan v. Illinois Central RR Co.,* 161 F.Supp. 119 (D.Tex.1958); *Harrison v. United Fruit Co.,* 141 F.Supp. 35 (D.N.Y.1956). The place where the events upon which the action is based occurred is a relevant factor, but not alone controlling. *Transcontinental Service Corp. v. True Temper Corp.,* 319 F.Supp. 920 (D.N.Y.1970).

It also appears to this court that it would be more convenient for the witnesses, and as convenient for the parties, if this case were transferred to the Western District of North Carolina, Shelby Division. Of course, the plaintiff has a right to choose her forum, but an affidavit of John B. Foster, (tendered by defendant) shows that the distance from Landrum to the Federal Court Building in Rutherfordton is only 26.1 miles, and there is no real showing that the appearance at that particular forum would be an inconvenience of any real importance to Mrs. Bridgeman, her son, or Dr. Miller. As to Dr. Noell, the distance to Rutherfordton is less than the distance to Greenville, although the mileage is not that important, and if he landed at the Greenville-Spartanburg Airport, he could reach Rutherfordton with little more difficulty than Greenville. On the other hand, defendant's witnesses are those connected in a fulltime capacity with the hospital or doctors' offices. Their convenience is not only important to them, but important to the community and to their attention at a hospital where their services are of great value and moment. It appears from the balance of conveniences, that it would be more convenient for the parties and the witnesses, as a whole, if the case were transferred to the Western District of North Carolina.

■ In addition, this court feels compelled to transfer the case in the interest of justice. An examination of the record reveals that the defendant is not a practicing physician in South Carolina, but practices in North Carolina, where his alleged negligence would be judged under North Carolina law and statutes. When service was accomplished upon him, he was only in South Carolina for the purpose of visiting a horse show, and the record affirmatively reveals that the United States Marshal was not employed to make service upon him, but an individual by the name of "Bob Bailey" was employed, indicating the infrequency of defendant's visits to South Carolina. The defendant lives in North Carolina. The defendant is a professional man in North Carolina. All the treatments occurred in North Carolina and in a North Carolina hospital. The defendant does not practice in South Carolina. The deceased received care and treatment at the North Carolina institution. All of the original medical records are in North Carolina. The court comes to the inevitable conclusion that this is a North Carolina case, and should be tried in a North Carolina forum by a North Carolina judge familiar with North Carolina law, using witnesses who are North Carolina people for the most part.

It is true that plaintiff ordinarily has the right of choice of forum, but this court cannot escape the fact that the plaintiff went to North Carolina for treatment, and there is no showing that the plaintiff could not get an equally fair and impartial trial in North Carolina. To bring the defendant to South Carolina for trial does not seem to be in the interest of justice in this case.

■ The law applicable to this action clearly indicates that the transfer of this action to the Shelby Division of the United States District Court for the Western District of North Carolina would be in the interest of justice. "[T]he plaintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy. . . . " *Mims v. Proctor and Gamble Distributing Co.,* 257 F.Supp. 648 at 657. Furthermore, in

*Southern Railway Co. v. Madden,* 235 F.2d 198, 201 (4th Cir. 1956), *cert. denied,* 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244, the court listed the fact that the plaintiff lived in a town approximately as far from the transferor city as from the transferee city as a fact calling for transfer of the action when other facts indicate that transfer is appropriate.

Accordingly, the motion for a change of venue is granted.

The parties are granted an additional 90 days for discovery purposes.

And it is so ordered.