619 F.2d 455
 L. C. L. THEATRES, INC., A Texas Corporation, Plaintiff and
Counterclaim Defendant-Appellant Cross-Appellee,
v.
COLUMBIA PICTURES INDUSTRIES, INC., et al., Defendants and
Counterclaim Plaintiffs-Appellees Cross-Appellants,
v.
John G. LONG, Counterclaim-Defendant-Appellant Cross-Appellee.
 No. 79-1663
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 June 19, 1980.
 Edwin Tobolowsky, Richard L. Arnold, Dallas, Tex., for L. C. L. theatres, inc.
 Baker & Botts, James G. Ulmer, Richard Brooks, Houston, Tex., for Columbia Pictures Industries, Inc., et al.
 Akin, Gump, Hauer & Field, John L. Hauer, Bart Wulff, Dallas, Tex., for Sargoy, Stein & Hanft and Burton H. Hanft.
 Appeals from the United States District Court for the Northern District of Texas.
 Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 L. C. L. Theatres, Inc. (L. C. L.) exhibits motion pictures in several Texas localities. Appellant John G. Long (Long) is L. C. L.'s president and principal shareholder. Appellees are motion picture distributors who, from time to time, leased films to L. C. L. Appellees sued both Long and L. C. L. for breach of contract, claiming that L. C. L. fraudulently underreported box office receipts for the purpose of avoiding rent obligations.[1] Following a lengthy trial, the district court agreed with appellees and ordered restitution for the years 1966-1973. On appeal, this court affirmed L. C. L.'s liability to appellees, but held that the pre-1971 claims were time-barred. The cause was remanded both for an appropriate adjustment of damages and for reconsideration of Long's personal liability during the permissible time period. L. C. L. Theatres, Inc. v. Columbia Pictures Industries, Inc., 566 F.2d 494 (5th Cir. 1978), modifying 421 F.Supp. 1090 (N.D.Tex.1976). On remand, the district court heard expert testimony on damages during the years 1971-1973 and modified its judgment accordingly. The court also reaffirmed its holding that Long should be cast in judgment jointly and severally with L. C. L. This appeal followed. We affirm.
 
 
 2
 Appellants argue that plaintiffs-appellees did not carry their burden of proving damages, and that the district court consequently erred in denying their motion for a directed verdict. Preliminarily we note that the law of damages is "substantive," and hence in this case governed by state law. See Olin's Tire Service, Inc. v. United States Rubber Co., 382 F.2d 852 (5th Cir. 1967). Appellees charge non-performance of contractual obligations owing and due solely in Texas, claims clearly governed by Texas law. See Ramirez v. Autobuses Blancos Flecha Roja, 486 F.2d 493 (5th Cir. 1973) (construing Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed.2d 1477 (1941)); Dailey v. Transitron Electronic Corp., 475 F.2d 12 (5th Cir. 1973) (same). As the source of appellees' causes of action, Texas law similarly governs the measure of recovery. See Liechti v. Roche, 198 F.2d 174 (5th Cir. 1952).
 
 
 3
 Under Texas law,
 
 
 4
 (r)easonable certainty as to the amount of damages is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness. . . . The rule is that if the evidence presented by the injured plaintiff is sufficient to afford a reasonable basis for estimating his loss, he is not to be denied a recovery because he is unable to prove the exact amount of the damages.
 
 
 5
 City of San Augustine v. Roy W. Green Co., 548 S.W.2d 467, 473 (Tex.Civ.App.1977). By this standard, the evidence plainly is sufficient to support the judgment. Appellees produced a massive record of empirical data. The relevant data showed that L. C. L.'s reported box office receipts consistently jumped on those occasions when appellees' monitors were present in the theaters. Expert testimony established that the jumps could not have been coincidental, but reflected a pattern and practice of underreporting. Tr. 2032; Defendant's Exh. 228 (first trial). The observed disparities, which continued without significant variation through 1973, Tr. 2062, were expressible in the relation (Monitored Receipts Unmonitored Receipts) = k(Unmonitored Receipts). Appellees' expert calculated k by computing the inverse of the percent by which average unmonitored receipts exceeded average observed disparities, adjusted for differences in film quality. Thus, for example, the revenue jump for appellants' Surf Drive-In averaged an adjusted 57% of unmonitored receipts throughout the entire 1966-1973 period. Defendant's Exh. 230 (first trial). For that theater the district court accordingly awarded damages based on underreporting equal to 57% of L. C. L.'s unmonitored receipts for 1971-1973, suitably apportioned among the various plaintiffs. Plaintiff's Exh. 1 (second trial). A similar process yielded damage figures for the other theaters in suit. The data were logical and persuasive. We hold that appellees' evidence established a reasonable basis for estimating their losses, sufficient to sustain the judgment under Texas law.
 
 
 6
 As for appellant Long's personal liability, the district court found and the record indicates that L. C. L.'s misfeasance was done with his authorization, participation and approval. L. C. L. employees testified that Long was in personal charge of the company and that they took orders directly from him. In these circumstances, "(i)t is not necessary that the corporate 'veil' be pierced or even discussed. An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing." Permian Petroleum Co. v. Barrow, 484 S.W.2d 631, 634 (Tex.Civ.App.1972). Accord, Earthman's, Inc. v. Earthman, 526 S.W.2d 192 (Tex.Civ.App.1975). The judgment against Long individually was proper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18
 
 
 [1]
 Federal jurisdiction rests on diversity of citizenship. 28 U.S.C. § 1332(a) (1976)