[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on Michael P. Amann's and Herbert T. Duane's motion for summary judgment pursuant to R.C.P. 56.
Michael P. Amann and Herbert T. Duane, Jr. (hereinafter "Amann" and "Duane") are the Vice-President/Secretary and the President, respectively, of A. D. Industries, Inc. (hereinafter "A. D."), a Rhode Island corporation. Hometown Properties, Inc. and Homevest, Inc. (hereinafter collectively "Hometown") are Rhode Island corporations which jointly operate a sanitary waste landfill in the town of North Kingstown, Rhode Island.
In December of 1986, A. D. entered into a joint venture agreement with Hometown. The agreement provided that A. D. was to perform various services with respect to the operation of the landfill. Hometown, in turn, was to compensate A. D. for these services. In April of 1988, A. D. and Hometown modified their original agreement to require A. D. to share certain operating expenses incurred by Hometown in the operation of the landfill.
Hometown later applied for an expanded landfill license from the Department of Environmental Management (DEM). The DEM denied Hometown's application and Hometown appealed the decision. The Superior Court, in the case Hometown Properties, Inc. andHomevest, Inc. v. The Rhode Island Department of EnvironmentalManagement, et al, C.A. 88-482, Orton, J., reversed the DEM's denial and ordered that Hometown's license for expansion be granted.
Pursuant to the modified agreement, Hometown requested that A. D. pay a portion of the legal fees incurred during the license application and appeal. A. D. refused to pay any portion of the fees. Hometown then treated the refusal as a breach of the joint venture agreement. Alternatively, A. D. argues that Hometown's continued operation of the landfill without their permission was a violation of their original agreement. In December of 1990, A. D. commenced this action alleging breach of contract.
During January of 1991, Amann and Duane conducted surveillance of the landfill ostensibly to determine the identity of customers who were continuing to do business with the landfill. Amann and Duane thereafter forwarded letters to some of the customers admonishing them that continued use of the landfill could subject them to liability. Additionally, Amann and Duane placed an advertisement in the Providence Journal warning current and potential customers of the litigation. In both the letters and the advertisement, Amann and Duane were identified as officers of A. D.
Hometown counterclaimed alleging that A. D. breached the agreement. Hometown also sought compensatory damages alleging that Amann's and Duane's actions amounted to intentional interference with contractual relations, intentional interference with prospective contractual relations, and defamation. Hometown also sought to impose liability upon Amann and Duane in their individual capacities — separate and apart from any liability which could be imposed upon them as officers of A. D.
In their motion, Amann and Duane aver that as officers of the corporation they cannot be held liable for any tortious activity committed while they were acting within the scope of their respective offices unless Hometown "pierces the corporate veil". In the event that this Court grants Amann's and Duane's motion, Hometown alternatively seeks a continuance of the summary judgment motion in order to conduct additional discovery pursuant to R.C.P. 56(F).
ANALYSIS
It is well established that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Pursuant to R.C.P. 56(c), a trial justice may grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."Golderese v. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991) (quoting Rhode Island Hospital Trust National Bank v. Boiteau,
119 R.I. 66 [119 R.I. 64], 376 A.2d 324 (1977)). The Court must, however, view the pleadings, affidavits, memoranda, and other evidence in the light most favorable to the non-moving party. Rustigian, 478 A.2d at 189. If the party opposing the motion establishes that a material issue of fact exists, then the Court must deny the motion. Grissom v. Pawtucket Trust Company, 559 A.2d 1065, 1066 (R.I. 1989).
It is generally well settled that a corporate officer who commits a tort is personally liable for his actions and cannot seek refuge in the fact that he was acting on behalf of the corporation. See, e.g., Bond Leather Co., Inc. v. Q.T. Shoe Mfg.Co., Inc., 764 F.2d 928, 938 (1st Cir. 1985); Escude Cruz v.Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980);Lahr v. Adell Chemical Co., 300 F.2d 256, 260 (1st Cir. 1962); see, also, 3A Fletcher, Cyclopedia of the Law of PrivateCorporations, § 1135, at 267, § 1137, at 275-280 (rev. perm. ed. 1986). Said officer will incur personal liability where it can be established that he participated in the act giving rise to liability. Santiago Hodge v. Park Davis Co., 909 F.2d 628, 631 (1st Cir. 1990); LeClair v. Silberline Mfg. Co., Inc.,
Mass. 393 N.E.2d 867, 871-872 (1979); Donsco, Inc. v. CasperCorp., 587 F.2d 602, 606 (3rd Cir. 1978).
Accordingly, Amann and Duane may be held liable in their individual capacities should a jury find that there is merit with respect to Hometown's claims. Thus, whether or not Amann and Duane were acting solely as officers of A. D. when the alleged tortious acts occurred is irrelevant. It is uncontradicted that Amann and Duane were the authors of the letters sent to certain customers. Moreover, both Amann and Duane admit having placed the advertisement in the Providence Journal. This Court concludes that ample evidence exists wherein a trier of fact could find that Amann and Duane personally participated in the alleged tortious activity. It cannot be said, therefore, that Amann and Duane, as a matter of law, are entitled to summary judgment.
Furthermore, the Court is mindful that where liability is sought to be imposed upon a corporate officer based upon his tortious conduct, such liability is imposed upon the officer as a tortfeasor — not merely because, and in spite of, his status as a corporate officer. L.C.L. Theatres v. Columbia PicturesIndustries, 619 F.2d 455, 457 (5th Cir. 1980); see 3A Fletcher,Cyclopedia of the Law of Private Corporations, § 1137 at 276 (rev. perm. ed. 1986). As such, it is wholly unnecessary for Hometown to "pierce the corporate veil" in order to impose personal liability upon Amann and Duane. In their motion, Amann and Duane contend that a corporate officer cannot be held personally liable unless the corporate veil is pierced. While this proposition is not untrue with respect to the contractual liability of an officer, it is inapplicable to the case subjudice. The issue before the Court is not whether Amann and Duane breached the joint venture agreement. Rather, the issue is whether or not Amann and Duane, as officers of A. D., may be held personally liable for their participation in alleged tortious activity. Where personal liability is sought to be imposed upon a corporate officer based upon his participation in tortious conduct, there is no need to "pierce the corporate veil." See L.C.L., 619 F.2d at 457; Donsco, 587 F.2d at 606; Fletcher, Cyclopedia of the Law of Private Corporations, § 1135 at 267.
Based upon the arguments of counsel, the pleadings, and the affidavits, and viewing the evidence in the light most favorable to the non-moving party, the Court finds that there remains a genuine issue of material fact — specifically, whether or not Amann and Duane actually participated in tortious activity. Accordingly, the motion for summary judgment is denied and counsel's objection duly noted. As this motion is denied, it is not necessary to rule on Hometown's motion to delay summary judgment pursuant to R.C.P. 56(F).
Counsel will prepare the appropriate judgment for entry.